IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANITA HOCHENDONER; EARL HOCHENDONER; ANITA BOVA; JOSEPH M. CARIK; BARBARA J. CARIK; MICHAEL MASULA; ERIN MASULA; AMBER BRITTON; SHAWN BRITTON; CHERYL BRITTON; THOMAS OLSZEWSKI; DARLENE COOKINGHAM; KYLE WILLINK; TOM STANZIANO; WENDY STANZIANO; RICKY LADD; STACY LADD; STEVE NAMNATH; HEIDI WITTENBERG; and DAVID ROBERTS, Individually and on behalf of all others similarly situated, | Civil Action No. 1:11-cv-10739-DPW |
| Plaintiffs, | REQUEST FOR ORAL ARGUMENT |
| v. | |
| GENZYME CORPORATION; and MOUNT SINAI SCHOOL OF MEDICINE OF THE CITY UNIVERSITY OF NEW YORK, | |
| Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO MEET MINIMUM PLEADING STANDARDS AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

# TABLE OF CONTENTS

**Page**

I.    Plaintiffs' Claims Do Not Meet Minimum Pleading Standards. .........................................3

II.    Each Of The Amended Complaint's Counts Must Be Dismissed, Either In Whole Or In Part, For Failure To State A Claim As A Matter Of Law. .........................................5

    A.    The Claims of Four Plaintiffs Under Count I, Negligence, Fail as a Matter of Law. .................................................................................................................6

    B.    The Claims of Seven Plaintiffs Under Count II, Negligence *Per Se*, Fail as a Matter of Law .................................................................................................7

    C.    The Claims of Four Plaintiffs Under Count III, Strict Liability, Fail as a Matter of Law .................................................................................................9

    D.    Plaintiffs' Claims Under Count IV for Breach of Express and Implied Warranties Fail as a Matter Of Law .................................................................10

        1.    No Express Warranty Claim Is Properly Alleged. ......................................10

        2.    The Claims of Eight Plaintiffs' Implied Warranty Claims Fail under Their Respective State Laws .........................................................12

    E.    The Bayh-Dole Act Does Not Establish an Implied Right of Action. .................13

    F.    Counts Alleging Statutory Violations of State Consumer Protection Statutes Fail as a Matter Of Law .................................................................14

        1.    Count VI Fails to State a Claim Under Pennsylvania Law .......................14

        2.    Counts VII and VIII Fail Under Nevada and Michigan Law, Respectively. ...........................................................................................14

        3.    Count IX Fails Under Delaware Law .......................................................15

        4.    Count X Fails Under North Carolina Law. ...............................................15

        5.    Count XI Fails Under Florida Law ...........................................................16

        6.    Count XII Fails Under Washington Law ...................................................16

        7.    Count XIII Fails Under Washington Law ..................................................17

        8.    Count XIV Fails Under Michigan Law .....................................................18

        9.    Count XV Fails Under California Law .......................................................18

    G.    Count XVI Fails Because No Underlying Counts Survive to Support an Action for Loss of Consortium ...............................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc.*,
  96 Civ. 2549 (RWS), 1997 WL 97837 (S.D.N.Y. Mar. 6, 1997) ..............................................1

*Allison v. Merck and Co.*,
  878 P.2d 948 (Nev. 1994) ....................................................................................................6, 10

*Am. Fed'n of State Cnty. & Mun. Health Emps. v. Ortho-McNeil-Janssen Pharm., Inc.*,
  No. 08-cv-5904, 2010 WL 891150 (E.D. Pa. Mar. 11, 2010) ..................................................11

*Ambach v. French*,
  216 P.3d 405 (Wash. 2009) ......................................................................................................16

*Ashcroft v. Iqbal*,
  556 U.S. ___, 129 S. Ct. 1937 (2009) ..................................................................................3, 5

*Astra USA, Inc. v. Santa Clara Cnty.*,
  131 S. Ct. 1342 (2011) ..............................................................................................................13

*Att'y Gen. v. Merck Sharp & Dohme Corp.*,
  --N.W.2d --, No. 292003, 2011 WL 921669 (Mich. Ct. App. Mar. 17, 2011) ........................18

*Ayers v. Quillen*,
  No. Civ. A. 03C-02-004, 2004 WL 1965866 (Del. Super. June 30, 2004) ..............................15

*Baker v. Danek Med.*,
  35 F. Supp. 2d 875 (N.D. Fla. 1998) ........................................................................................12

*Baraukas v. Danek Med., Inc.*,
  No. 6:97-CV-00613, 2000 WL 223508 (M.D.N.C. Jan. 13, 2000) ............................................8

*Barlow v. Delhaize Grp.*,
  C.A. No. 08-565-MPT, 2009 WL 1391413 (D. Del. May 15, 2009) ..........................................9

*Baughn v. Honda Motor Co.*,
  727 P.2d 655 (Wash. 1986) ......................................................................................................18

*Bearden v. Wyeth*,
  482 F. Supp. 2d 614 (E.D. Pa. 2006) ..........................................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................3, 5, 11, 19

*Berenguer v. Warner-Lambert Co.*,
No. 02-05242, 2003 WL 24299241 (Fla. Cir. Ct. July 31, 2003)...........................................16

*Braaten v. Saberhagen Holdings*,
198 P.3d 493 (Wash. 2008)...........................................................................................17

*Breeser v. Menta Grp., Inc., Nfp*,
No. 2:10-CV-01592-PHX-JAT, 2011 WL 1465523 (D. Ariz. Apr. 18, 2011)...........................19

*California v. Kinder Morgan Energy Partners, L.P.*,
569 F. Supp. 2d 1073 (S.D. Cal. 2008).............................................................................7

*Ciba-Geigy Corp. v. Alza Corp.*,
804 F. Supp. 614 (D.N.J. 1992).....................................................................................13

*Conway v. A.I. duPont. Hosp. for Children*,
C.A. No. 04-4862, 2007 WL 560502 (E.D. Pa. Feb. 14, 2007)...........................................15

*Cooney v. Rossiter*,
583 F.3d 967 (7th Cir. 2009).........................................................................................5

*Cruz v. Mylan, Inc.*,
No. 8:09-cv-1106-T17-EAJ, 2010 WL 598688 (M.D. Fla. Feb. 17, 2010)............................12

*Dalton v. Camp*,
548 S.E.2d 704 (N.C. 2001)..........................................................................................15

*Duronio v. Merck & Co.*,
No. 267003, 2006 WL 1628516 (Mich. Ct. App. June 13, 2006) ........................................14

*Fenner Invs., Ltd. v. Hewlett-Packard Co.*,
No. 6:08-CV-273, 2010 WL 3275758 (E.D. Tex Apr. 15, 2010)..........................................13

*Ferens v. John Deere Co.*,
494 U.S. 516 (1990).....................................................................................................6

*Feyz v. Mercy Mem. Hosp.*,
719 N.W.2d 1 (Mich. 2006)...........................................................................................19

*Fields v. Mylan Pharm., Inc.*,
751 F. Supp. 2d 1257 (N.D. Fla. 2009)...........................................................................16

*Foran v. Stryker Sales Corp.*,
No. 10-CV-12187-RGS, 2011 WL 652778 (D. Mass. Feb. 14, 2011) ....................................4

*Francom v. Costco Wholesale Corp.*,
991 P.2d 1182 (Wash. Ct. App. 2000)............................................................................19

iii

*Frye v. Biro Mfg. Co.*,
  No. C10-0192-JCC, 2011 WL 1362537 (W.D. Wash. Apr. 11, 2011)............................11, 18

*Gregory v. Dillard's, Inc.*,
  565 F.3d 464 (8th Cir. 2009) (en banc) ....................................................................3, 4

*Griffus v. Novartis Pharm. Corp.*,
  No. 06-10891, 2006 WL 2583129 (E.D. Mich. Sept. 6, 2006)...........................................7, 12

*Guinan v. A.I. duPont Hosp. for Children*,
  597 F. Supp. 2d 485 (E.D. Pa. 2009) ..........................................................................10

*Hall v. Bristol-Myers Squibb Co.*,
  C.A. Nos. 06-5203(FLW), 06-6050(FLW), 2009 WL 5206144 (D.N.J. Dec. 30, 2009) ........16

*Harbour Point Homeowners Ass'n v. DJF Enters., Inc.*,
  697 S.E.2d 439 (N.C. Ct. App. 2010) ..........................................................................10

*Harrah v. J.C. Bradford & Co.*,
  No. 93-2458, 1994 WL 543528 (4th Cir. Oct. 6, 1994) ...................................................15

*Heisner ex rel. Heisner v. Genzyme Corp.*,
  No. 08-C-593, 2008 WL 2940811 (N.D. Ill. July 25, 2008) ..............................................10

*Heritage Res., Inc. v. Caterpillar Fin. Servs. Corp.*,
  774 N.W.2d 332 (Mich. Ct. App. 2009) .......................................................................10

*Hill v. Danek Med., Inc.*,
  No. 4:96-CV-177-H1, 1998 WL 1048182 (E.D.N.C. Sept. 10, 1998) ...................................9

*In re Orthopedic Bone Screw Prods. Liab. Litig.*,
  193 F.3d 781 (3d Cir. 1999)......................................................................................7

*In re Relafen Antitrust Litig.*,
  221 F.R.D. 260 (D. Mass. 2004)................................................................................6

*In re Vioxx Class Cases*,
  103 Cal. Rptr. 3d 83 (Cal. Ct. App. 2009) ...................................................................18

*Jaffe v. Snow*,
  610 So.2d 482 (Fla. Dist. Ct. App. 1993) ....................................................................19

*Johnson v. Chrysler Corp.*,
  254 N.W. 2d 569 (Mich. Ct. App. 1977) .....................................................................18

*Kelley v. Jacobs*,
  No. 21953-1-II, 1999 WL 305232 (Wash. Ct. App. May 14, 1999) .....................................10

*Kemp v. Pfizer, Inc.*,
    835 F. Supp. 1015 (E.D. Mich. 1993).................................................................14

*Kester v. Zimmer Holdings, Inc.*,
    No. 2:10-cv-00523, 2010 WL 2696467 (W.D. Pa. June 16, 2010) ........................5, 10, 12, 14

*Kite v. Zimmer US, Inc.*,
    No. 2:06-CV-0745-RCJ, 2006 WL 3386765 (D. Nev. Nov. 22, 2006)....................................6

*Laisure-Radke v. Par Pharm., Inc.*,
    426 F. Supp. 2d 1163 (W.D. Wash. 2006)..............................................................7

*LeFiell Mfg. Co. v. Superior Court*,
    122 Cal. Rptr. 3d 841 (Cal. Dist. Ct. App. 2011) .................................................19

*Ligget Grp. v. Engle*,
    853 So.2d 434 (Fla. Dist. Ct. App. 2003) .........................................................6

*Long v. Chelsea Cmty. Hosp.*,
    557 N.W.2d 157 (Mich. Ct. App. 1996) ...............................................................19

*Macias v. Mine Safety Appliances Co.*,
    244 P.3d 978 (Wash. Ct. App. 2010) ................................................................17

*Madey v. Duke Univ.*,
    413 F. Supp 2d. 601 (M.D.N.C. 2006) ...............................................................13

*Makripodis v. Merrell-Dow Pharm., Inc.*,
    523 A.2d. 374 (Pa. Super. Ct. 1987) ...............................................................12

*McLiechey v. Bristol West Ins. Co.*,
    408 F. Supp. 2d 516 (W.D. Mich. 2006) .............................................................14

*Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n.*,
    453 U.S. 1 (1981)..................................................................................13

*Miller v. DePuy Spine, Inc.*
    638 F. Supp. 2d 1226 (D. Nev. 2009) ............................................................8, 10

*Mosteller v. Duke Energy Corp.*,
    698 S.E.2d 424 (N.C. Ct. App. 2010) ...............................................................8

*Nw. Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc.*,
    58 F. Supp. 2d 1211 (W.D. Wash. 1999)...........................................................17

*Pa. Emps. Benefit Trust Fund v. AstraZeneca Pharm. LP*,
    No. 6:09-cv-5003-Orl-22DAB, 2009 WL 2231686 (M.D. Fla. July 20, 2009)..................3, 10

*Pantages v. Cardinal Health 200, Inc.*,
No. 5:08-cv-116-Oc-10GRJ, 2009 WL 2244539 (M.D. Fla. July 27, 2009)............................8

*Parkinson v. Guidant Corp.*,
315 F. Supp. 2d 741 (W.D. Pa. 2004) ..............................................................................9, 12

*Peter v. Stryker Orthopaedics, Inc.*,
581 F. Supp. 2d 813 (E.D. Mich. 2008)..............................................................................14

*Prohias v. AstraZeneca Pharm., L.P.*,
958 So.2d 1054 (Fla. Dist. Ct. App. 2007) .........................................................................16

*Pruell v. Caritas Christi*,
No. 09-11466-GAO, 2010 WL 3789318 (D. Mass. Sept. 27, 2010) ...................................4, 5

*Ramsey v. Summers*,
No. 10-CV-00829, 2011 WL 811024 (W.D. Pa. Mar. 1, 2011) ............................................7

*Reece v. Good Samaritan Hosp.*,
953 P.2d 117 (Wash. Ct. App. 1998) ..................................................................................11

*Ross v. Fed. Deposit Ins. Corp.*,
625 F.3d 808 (4th Cir. 2010) ..............................................................................................15

*Rounds v. Genzyme Corp*,
No. 8:10-cv-2479-T-23TBM, 2010 WL 5297180 (M.D. Fla. Dec. 20, 2010) ........................8

*Schroeder v. Ear, Nose & Throat Assocs. of Lehigh Valley, Inc.*,
557 A.2d 21 (Pa. Super. Ct. 1989) ......................................................................................19

*Snyder v. ISC Alloys, Ltd.*,
772 F. Supp. 244 (W.D. Pa. 1991) ......................................................................................10

*Soufflas v. Zimmer, Inc.*,
474 F. Supp. 2d 737 (E.D. Pa. 2007) ..................................................................................12

*Spencer v. DHI Mortgage Co.*,
642 F. Supp. 2d 1153 (E.D. Cal. 2009)..................................................................................7

*Stevens v. Hyde Athletic Indus., Inc.*,
773 P.2d 871 (Wash. Ct. App. 1989) ..................................................................................16

*T.W.M. v. Am. Med. Sys., Inc.*,
886 F. Supp. 842 (N.D. Fla. 1995)......................................................................................16

*Taylor v. SmithKline Beecham Corp.*,
658 N.W.2d 127 (Mich. 2003).......................................................................................11, 18

*Tex Enters., Inc. v. Brockway Std., Inc.*,
66 P.3d 625 (Wash. 2003) ...................................................................12

*Tingley Sys., Inc. v. CSC Consulting, Inc.*,
152 F. Supp. 2d 95 (D. Mass. 2001) .......................................................1

*White v. SmithKline Beecham Corp.*,
538 F. Supp. 2d 1023 (W.D. Mich. 2008) ................................6, 11, 18

*Wolfe v. McNeil-PPC, Inc.*,
703 F. Supp. 2d 487 (E.D. Pa. 2010) ......................................................6

*Zafarana v. Pfizer Inc.*,
724 F. Supp. 2d 545 (E.D. Pa. 2010) ....................................................14

*Zimmermann v. Epstein Becker & Green, P.C.*,
No. 09-CV-30194-MAP, 2010 WL 2724001 (D. Mass. July 8, 2010).....................4

STATUTES

6 Del. Code §§ 2-313, *et seq.* ...................................................................10

35 U.S.C. § 203 ........................................................................................13

Bayh-Dole Act, 35 U.S.C. § 200, *et seq*. ...........................................2, 13

Cal. Bus. & Prof. Code § 17200 .............................................................18

Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq*. .......2, 14

Fla. Stat. § 501.212(3) (2008) .................................................................16

Mich. Comp. Laws Ann. § 445.904(1)(a) ...............................................14

Mich. Comp. Laws Ann. § 600.2946 ...............................6, 11, 12, 18

N.C. Gen. Stat. Ann. §§ 25-2-313, *et seq*. .............................................10

Nev. Rev. Stat. Ann. § 598.0955 .............................................................14

Orphan Drug Act, 21 U.S.C. § 360aa *et seq*. ......................................2, 14

Public Health Service Act, 42 U.S.C. § 262 *et seq*. .............................2, 14

Wash. Rev. Code 7.72.030 ................................................................11, 17

Wash. Rev. Code 19.86.090 .....................................................................16

**OTHER AUTHORITIES**

21 C.F.R § 316 (2011) ...................................................................................................14

Fed. R. Civ. P. 8 ..............................................................................................................3

Fed. R. Civ. P. 8(a) .........................................................................................................1

Fed. R. Civ. P. 9(b) .......................................................................................................16

Fed. R. Civ. P. 12(b)(6) ..................................................................................................1

16 Wash. Prac., Tort Law & Prac. § 16.11 (3d ed. 2011) ............................................17

The counts asserted against Genzyme Corporation ("Genzyme") and Mount Sinai School of Medicine ("Mt. Sinai")[1] are pled with insufficient specificity under Fed. R. Civ. P. 8(a) and each count fails in whole or in part to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and accordingly the Amended Complaint must be dismissed.[2] For purposes of this Motion only, Defendants accept the allegations of the Amended Complaint.

Genzyme is a leading biotechnology company that focuses on the development of products to treat patients suffering from rare inherited disorders and other serious conditions. One segment of the company's business develops and manufactures products that treat lysosomal storage diseases—metabolic disorders caused by a lack of certain enzymes. Plaintiffs' complaints in this case are with respect to Fabrazyme, a treatment for Fabry disease that is manufactured by defendant Genzyme. Am. Compl., ¶ 43. Plaintiffs in this action are individuals who either suffer from Fabry disease, a rare and incurable genetic metabolic disorder, or who are the spouse of a named plaintiff who suffers from that disease. *Id*. ¶¶ 1-20, 26. Certain plaintiffs have received continuous treatment with Fabrazyme, while others have received Fabrazyme for some, but not all, of the time period covered by the allegations in the Amended Complaint. The Amended Complaint also alleges that certain unnamed plaintiffs have been denied Fabrazyme. In any event, Fabrazyme must be prescribed by a physician based on an individual diagnosis, *see* Am. Compl., Ex. A, and Fabrazyme is extensively regulated under federal law. *See, e.g.*, Public Health Service Act, 42 U.S.C. § 262 *et seq*. (hereinafter, the "PHSA"); Federal Food, Drug, and

---

[1] Mt. Sinai School of Medicine operates as an independent entity from the City University of New York and, in this respect, is incorrectly described in the Amended Complaint. Mt. Sinai has moved separately for dismissal for lack of personal jurisdiction, and, in the alternative, joins in the arguments advanced in this motion.

[2] While this motion is pending, Defendants' time to Answer is tolled. *See, e.g.*, *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 122 (D. Mass. 2001); *Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc.*, 96 Civ. 2549 (RWS), 1997 WL 97837, at *6-7 (S.D.N.Y. Mar. 6, 1997).

Cosmetic Act, 21 U.S.C. § 301 *et seq*. (hereinafter, the "FDCA"); Orphan Drug Act, 21 U.S.C. § 360aa *et seq*. (hereinafter, "ODA").

Although the Amended Complaint advances 16 separate counts, Plaintiffs in essence allege that Genzyme is not manufacturing the biologic treatment Fabrazyme quickly enough, well enough, or in sufficient quantities to meet demand.  These same complaints were previously aired when, in August of 2010, three named plaintiffs in this action petitioned the National Institutes of Health (NIH) pursuant to the Bayh-Dole Act, 35 U.S.C. § 200, *et seq*., advancing essentially the same allegations raised here, and requesting that the NIH exercise rights provided under the Act to "march-in" and grant an open license for entities other than Genzyme to manufacture Fabrazyme.  The NIH denied this petition, noting the steps that Genzyme is taking to address Fabrazyme shortages.[3]  Having failed in their claims once before the NIH, Plaintiffs have sought to advance them again via this action, pleading them vaguely in an attempt to shoehorn them into causes of action that do not fit.

Rather than addressing these issues, which were identified in Defendants' Motion to Dismiss Plaintiffs' Original Complaint, Plaintiffs have made only certain cosmetic changes to their pleading in the Amended Complaint.  Plaintiffs continue to omit any allegation of specific injuries suffered by any named plaintiff, and at this stage appear to be purposefully seeking to skirt their obligation to articulate legally viable claims.  *See infra*, Section I.  Despite these attempts at obfuscation, it is apparent that the each of Plaintiffs' claims for relief must be dismissed in whole or in part for failure to state a claim.  *See infra*, Section II.

---

[3] Those plaintiffs have asked for reconsideration of that decision.

## I.   <u>PLAINTIFFS' CLAIMS DO NOT MEET MINIMUM PLEADING STANDARDS.</u>

Plaintiffs' Amended Complaint fails to meet minimum pleading standards under Fed. R. Civ. P. 8, which requires them to set forth clear, factual allegations that support their legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1939 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).   But the Amended Complaint's factual allegations do not link alleged actions of the Defendants to alleged injuries suffered by any named plaintiff. The Amended Complaint, therefore, does not provide proper notice and leaves Defendants unable to prepare an appropriate defense. *See Twombly*, 550 U.S. at 555.

Plaintiffs' Original Complaint frequently used the phrase "and/or" in formulating key allegations, and the Amended Complaint is no more definite, although it re-words to drop that phrase.   Courts have found the use of such indefinite pleading to be grounds for dismissal. *See, e.g.*, *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 n.9 (8th Cir. 2009) (en banc) (noting use of "and/or" did "not connect any particular plaintiff to any particular allegation."); *Pa. Emps. Benefit Trust Fund v. AstraZeneca Pharm. LP*, No. 6:09-cv-5003-Orl-22DAB, 2009 WL 2231686, at *3 (M.D. Fla. July 20, 2009).   That same analysis applies here, though the Amended Complaint now separates the "and" and the "or" with other phrases.   An example is Paragraph 101, which alleges:

> [a]s a direct result of the Genzyme Rationing Plan and Genzyme's denial of access of drug, change in dosing schedules, and sale of adulterated drug, Fabry patients have either had a return of symptoms, accelerated disease development, injury, and otherwise preventable disease progression, or have died during the shortage.

Paragraph 101 is so vague that it cannot even be said to allege that Plaintiffs themselves have suffered injury.   Instead, it alleges that unidentified "Fabry patients" have been harmed in one of five alternative ways by one of three alternative—and impossibly concurrent—theories of causation.

This pleading defect repeats throughout the Amended Complaint. For example, in alleging Count I (Negligence), Plaintiffs list injuries (in Paragraph 104) and attendant harms (in Paragraph 105) but refuse to assign any injury or harm to any identified plaintiff—despite the impossibility that of all of these injuries and harms afflict each plaintiff. And Counts VII, IX, X, and XI, although each brought by a single named plaintiff, conspicuously fail to include any particularized allegations. Indeed, the Amended Complaint never alleges that *any* named plaintiff has suffered *any* particular injury because of *any* particular action of Defendants.

This lack of specificity renders Plaintiffs' factual allegations speculative and requires dismissal of the Amended Complaint. *See, e.g.*, *Gregory*, 565 F.3d at 473 n.9 (dismissing claims that failed to specify "which action or actions allegedly apply to which plaintiff or plaintiffs"); *Foran v. Stryker Sales Corp.*, No. 10-CV-12187-RGS, 2011 WL 652778, at *1 n.3 (D. Mass. Feb. 14, 2011) (dismissing complaint that failed "to supply basic background information such as . . . the specific nature of [plaintiff's] injuries or any medical treatment that she received."). *C.f. Zimmermann v. Epstein Becker & Green, P.C.*, No. 09-CV-30194-MAP, 2010 WL 2724001, at *5 (D. Mass. July 8, 2010) ("Without some supporting facts regarding the nature of Plaintiffs' individual harm and its relationship to the specific Defendants' . . . violations, the court must dismiss.").

That the necessary facts are ones entirely within Plaintiffs' control makes their omission all the more telling. *See, e.g.*, *Pruell v. Caritas Christi,* No. 09-11466-GAO, 2010 WL 3789318, at *4 (D. Mass. Sept. 27, 2010) (noting that the plaintiffs could not sidestep pleading obligations, in part because relevant facts were within plaintiffs' possession); *Kester v. Zimmer Holdings, Inc.*, No. 2:10-cv-00523, 2010 WL 2696467, at *7-*8 (W.D. Pa. June 16, 2010) (observing that plaintiff was the only party with access to medical information necessary to properly plead her

cause of action).  That the case is styled as a purported class action is no answer; no class has yet been certified and the complaint must stand or fall on the allegations of the named Plaintiffs.[4]

The Supreme Court has directed that pleading deficiencies such as those identified here should "be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Twombly*, 550 U.S. at 558.  *See also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (noting dismissal is proper where minimum pleading standards are not met, and the "burden of discovery imposed . . . by implausible allegations perhaps intended merely to extort a settlement ….").  This Court should use its authority to dismiss the Amended Complaint in its entirety.  To the extent leave is granted for a further amended Complaint, it must be with direction for Plaintiffs to omit those claims which fail to state a legally viable cause of action, as addressed in the following section.

## II. EACH OF THE AMENDED COMPLAINT'S COUNTS MUST BE DISMISSED, EITHER IN WHOLE OR IN PART, FOR FAILURE TO STATE A CLAIM AS A MATTER OF LAW.

Plaintiffs also continue to pursue claims that fail to state a cause of action as a matter of law; these same defects were identified in the motion to dismiss the Original Complaint and have

---

[4] *See, e.g.*, *Pruell*, 2010 WL 3789318, at *4 (holding under *Twombly* and *Iqbal* that plaintiffs in a purported class action could not "avoid their pleading obligations by arguing that the class is too large to make pleading specific facts practical.").

not been cured.[5]  Plaintiffs' insistence on pursuing these claims necessitates a detailed analysis of each cause of action, in many instances reviewing relevant law state-by-state.[6]  Such analysis shows that the Amended Complaint, like its predecessor, fails as a matter of law to state a claim upon which relief may be granted.

A.   **The Claims of Four Plaintiffs Under Count I, Negligence, Fail as a Matter of Law.**

The claims under Count I, Negligence, of the plaintiffs alleged to reside in Michigan and Washington (*i.e.*, Tom Olszewski, Ricky Ladd, Amber Britton, and Shawn Britton) are statutorily foreclosed by the laws of Michigan and Washington.

Michigan law provides that, when a drug and its label are FDA−approved, a manufacturer has absolute immunity in all product liability actions, *see* Mich. Comp. Laws Ann. § 600.2946(5) (West 2011), which courts have repeatedly held includes common law negligence claims.  *White v. SmithKline Beecham Corp.*, 538 F. Supp. 2d 1023, 1030 (W.D. Mich. 2008) (noting that "the

---

[5] The defects identified apply to both Defendants.  Many of Plaintiffs' claims against Mt. Sinai fail for the additional reason that there are no allegations connecting Mt. Sinai in any way to the sale of Fabrazyme. For example, all of the claims of plaintiffs Tom Stanziano and Joseph M. Carik against Mt. Sinai fail because Nevada and Florida law limit liability to only product sellers and manufacturers, and Mt. Sinai does not fit within either category.  *See Ligget Grp. v. Engle,* 853 So.2d 434, 467 n.46 (Fla. Dist. Ct. App. 2003), *approved in part and quashed in part on other grounds*, 945 So.2d 1246 (Fla. 2006) ("It is aphoristic that a plaintiff cannot prevail on claims for negligence, breach of warranty or strict liability, unless the plaintiff establishes that the product which allegedly caused the plaintiff's injury was manufactured or sold by the defendant."); *Allison v. Merck and Co.*, 878 P.2d 948, 951 n.1 (Nev. 1994);  *Kite v. Zimmer US, Inc.*, No. 2:06-CV-0745-RCJ, 2006 WL 3386765, at *4 (D. Nev. Nov. 22, 2006).

[6] Every named plaintiff must have standing to raise his/her own claims to remain part of the action.  *See In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 268 (D. Mass. 2004).  This means that each plaintiff must be able to assert viable causes of actions under his/her own state laws. Although this matter has now been transferred to the District of Massachusetts, Pennsylvania's choice of law rules still govern the parties' claims, *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990), and  federal courts applying Pennsylvania choice of law rules have applied the law of a plaintiff's state in cases involving alleged injury by prescription medications. *See, e.g.*, *Bearden v. Wyeth*, 482 F. Supp. 2d 614, 622 (E.D. Pa. 2006); *Wolfe v. McNeil-PPC, Inc.*, 703 F. Supp. 2d 487, 493-94 (E.D. Pa. 2010).

statute extends the protection from suits broadly to a myriad of activities a manufacturer might perform related to the product" and "extends well beyond negligence in manufacturing"); *Griffus v. Novartis Pharm. Corp.*, No. 06-10891, 2006 WL 2583129, at *2 (E.D. Mich. Sept. 6, 2006) ("Plaintiff's negligence and warranty claims are simply disguised product liability claims… [T]he Michigan Legislature has established an absolute defense to lawsuits such as this.").

The state of Washington has a similar statutory scheme concerning product liability law that preempts all "traditional common law remedies for product-related harms." *Laisure-Radke v. Par Pharm., Inc.*, 426 F. Supp. 2d 1163, 1168 (W.D. Wash. 2006) (citing *Wash. Water Power Co. v. Graybar Elec. Co.*, 774 P.2d 1199 (Wash. 1989)).

### B.    The Claims of Seven Plaintiffs Under Count II, Negligence *Per Se*, Fail as a Matter of Law.

As a matter of law, plaintiffs Anita Hochendoner, Anita Bova, Joseph M. Carik, Michael Masula, Tom Stanziano, Steve Namnath, and David Roberts must be dismissed from Count II because the Amended Complaint fails to state a cause of action for negligence *per se* under the laws of the states where they are alleged to reside – *i.e.*, Pennsylvania, Nevada, Florida, California, and North Carolina.[7]

Neither Pennsylvania nor California recognizes negligence *per se* as an action independent of negligence.  *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781, 790-92 (3d Cir. 1999) (applying Pennsylvania law); *Ramsey v. Summers*, No. 10-CV-00829, 2011 WL 811024, at *2 (W.D. Pa. Mar. 1, 2011); *Spencer v. DHI Mortgage Co.*, 642 F. Supp. 2d 1153, 1162 (E.D. Cal. 2009) ("[T]he negligence per se doctrine does not establish a cause of action distinct from negligence [under California law]"); *California v. Kinder Morgan Energy*

---

[7] The Amended Complaint removed plaintiffs hailing from Michigan and Washington from Count II, evidencing their agreement that the laws of Michigan and Washington apply to claims of plaintiffs from those states and do not permit them to join in Count II.

*Partners, L.P.*, 569 F. Supp. 2d 1073, 1087 (S.D. Cal. 2008) ("[T]o apply negligence *per se* is not to state an independent cause of action [under California law].") (*quoting Quiroz v. Seventh Ave. Ctr.*, 45 Cal. Rptr. 3d 222, 224 (2006)).

The laws of Nevada, Florida, and North Carolina do not permit plaintiffs to pursue negligence *per se* claims predicated on either the FDCA or the Bayh-Dole Act.   Applying Nevada law, the District of Nevada ruled that a negligence *per se* claim predicated on a violation of the FDCA failed as a matter of law, using reasoning that applies with equal force to a claim premised on the Bayh-Dole Act.  *See Miller v. DePuy Spine, Inc.* 638 F. Supp. 2d 1226, 1231 (D. Nev. 2009).  Similarly, in suits involving both Florida and North Carolina law, federal courts have dismissed negligence *per se* claims based upon the FDCA; the decisions of these courts also demonstrate that a claim in each of those states for a violation of the Bayh-Dole Act would necessarily fail.[8]  *Rounds v. Genzyme Corp*, No. 8:10-cv-2479-T-23TBM, 2010 WL 5297180, at *3 (M.D. Fla. Dec. 20, 2010) (finding that because "the FDCA strongly evidences legislative intent to prohibit a private right of action for a violation of either the FDCA or the FDA's implementing regulations,"  "[a] [p]laintiff cannot use a negligence *per se* claim to create a private cause of action for [a][d]efendant's alleged violations of the FDCA");  *Pantages v. Cardinal Health 200, Inc.*, No. 5:08-cv-116-Oc-10GRJ, 2009 WL 2244539, at *2 (M.D. Fla. July 27, 2009) (citing *Blinn v. Smith & Nephew Richards, Inc.*, 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999)) ("Under Florida law the violation of a federal regulation does not create civil liability based upon a theory of negligence *per se* in the absence 'of a legislative intent to create a private cause of action.'"); *Baraukas v. Danek Med., Inc.*, No. 6:97-CV-00613, 2000 WL 223508, at *4

---

[8]  Also, the Bayh-Dole Act does not qualify as a "public safety statute" that prescribes an enforceable standard of care, a prerequisite for negligence *per se* actions in North Carolina.  *See, e.g.*, *Mosteller v. Duke Energy Corp.*, 698 S.E.2d 424, 431-32 (N.C. Ct. App. 2010).

(M.D.N.C. Jan. 13, 2000); *Hill v. Danek Med., Inc.*, No. 4:96-CV-177-H1, 1998 WL 1048182, at

*3 (E.D.N.C. Sept. 10, 1998).

C.   **The Claims of Four Plaintiffs Under Count III, Strict Liability, Fail as a Matter of Law.**

Count III of the Amended Complaint fails to state a claim under the laws of Pennsylvania

and Delaware.  As such, the claims under that count by individuals alleged to be residents of

those states (*i.e.*, Anita Hochendoner, Anita Bova, Michael Masula, and Kyle Willink) must be

dismissed as a matter of law.[9]

Pennsylvania courts have ruled that strict liability is precluded for product liability

actions involving prescription medications.  *See Parkinson v. Guidant Corp.*, 315 F. Supp. 2d

741, 747-48 (W.D. Pa. 2004) (*citing Hahn v. Richter*, 673 A.2d 888, 890-91 (Pa. 1996)).

Delaware does not recognize the doctrine of strict product liability.  *Barlow v. Delhaize

Grp.*, C.A. No. 08-565-MPT, 2009 WL 1391413, at *7 (D. Del. May 15, 2009) ("[B]y enacting

the U.C.C., the Delaware legislature intended 'to preclude the adoption of the doctrine of strict

tort liability and preempt the field of sales via the Code.'") (citing *Cline v. Prowler Indus. of

Md.*, 418 A.2d 968, 978, 980 (Del. 1980)).

---

[9] The Amended Complaint removed plaintiffs hailing from Michigan, North Carolina and
Washington from Count III, evidencing Plaintiffs' acknowledgement that that the state law of
each plaintiff's home state governs his/her respective claims, and that the laws of Michigan,
North Carolina, and Washington do not permit plaintiffs from those states to join in Count III.

**D.** **Plaintiffs' Claims Under Count IV for Breach of Express and Implied Warranties Fail as a Matter Of Law.**[10]

      **1.** **No Express Warranty Claim Is Properly Alleged.**

The Amended Complaint does not state a claim for breach of express warranty under the laws of the states of any named plaintiff, and therefore the express warranty claims advanced under Count IV fail as a matter of law.

The supposed express warranty alluded to in paragraph 115(m) is not supported by the requisite factual allegations concerning when, where, in what manner, and to whom such a warranty purportedly was made.  Mere conclusory assertions that a defendant made an express warranty are manifestly insufficient under the laws of the potentially relevant jurisdictions.[11]

The two additional allegations regarding purported express warranties, *see* Am. Compl., ¶ 115(a)-(b), merely point to statements in the Fabrazyme product insert.  This is insufficient to properly state an express warranty claim.  *See Heisner ex rel. Heisner v. Genzyme Corp.*, No. 08-C-593, 2008 WL 2940811, at *9 (N.D. Ill. July 25, 2008) (holding that plaintiff who referenced

---

[10] Under the U.C.C. as adopted in all the relevant states, only "sellers" of "goods" can be held liable for breach of warranties.  *See, e.g.*, *Snyder v. ISC Alloys, Ltd.*, 772 F. Supp. 244, 253 (W.D. Pa. 1991) (licensor cannot be held liable for breach of warranty because it did not "sell" a "good"); *Allison*, 878 P.2d at 951 n.1; 6 Del. Code §§ 2-313, *et seq.*; N.C. Gen. Stat. Ann. §§ 25-2-313, *et seq.*  Accordingly, Plaintiffs' Count IV claims against Mt. Sinai must be dismissed in their entirety on this basis, as well as for the reasons discussed in this section, which are equally applicable to both Defendants.

[11] *See Kester*, 2010 WL 2696467, at *11 ("Plaintiff neither specifies any particular promise…nor does she demonstrate any promise was directed at her…to induce her into purchasing the product."); *Harbour Point Homeowners Ass'n v. DJF Enters., Inc*., 697 S.E.2d 439, 447 (N.C. Ct. App. 2010); *Miller*, 638 F. Supp. 2d at 1229-30; *Heritage Res., Inc. v. Caterpillar Fin. Servs. Corp.*, 774 N.W.2d 332, 342 n.11 (Mich. Ct. App. 2009); *Kelley v. Jacobs*, No. 21953-1-II, 1999 WL 305232, at *5 (Wash. Ct. App. May 14, 1999).; *Pa. Emps. Benefit Trust Fund*, 2009 WL 2231686, at *3 ("[T]he complaint is devoid of facts supporting even an inference that the terms of any alleged warranties were received by Plaintiff directly from the company."); *Guinan v. A.I. duPont Hosp. for Children*, 597 F. Supp. 2d 485, 509-10 (E.D. Pa. 2009), *aff'd in part and rev'd in part on other grounds sub nom.*, *M.G. ex rel. K.G. v. A.I. duPont Hosp. for Children*, 393 F. App'x. 884 (3d Cir. 2010) (applying Delaware law).

product insert as source of alleged warranty "has offered nothing more than a formulaic recitation of the elements required to prevail on a claim and has alleged no facts at all that suggest an express warranty existed....This seems to be precisely the type of claim that is too indefinite to meet the *Twombly* standard.").

Moreover, requirements to state a valid express warranty claim under the laws of particular states also are not met and form an independent basis on which Count IV must be dismissed as to certain plaintiffs:

- Under Michigan law, applicable to plaintiffs Thomas Olszewski and Ricky Ladd, "a drug is not defective or unreasonably dangerous, and the manufacturer or seller is not liable" as long as the drug and its labeling have been approved by the FDA and such approval was not fraudulently obtained.  Mich. Comp. Laws Ann. § 600.2946(5) (West 2011); *Taylor v. SmithKline Beecham Corp.*, 658 N.W.2d 127, 130 (Mich. 2003).  This immunity applies to all product liability claims, including breach of warranty.  *See White*, 538 F. Supp. 2d at 1027.  Here, the FDA "granted approval for Genzyme to market Fabrazyme® for treatment of Fabry patients" in April 2003.  Am. Compl., ¶ 43.

- Under Washington law, applicable to plaintiffs Shawn Britton and Amber Britton, any alleged warranties could not have been "part of the basis of the bargain," as required by Wash. Rev. Code 7.72.030(2)(b).  This is because it is conceded in the allegations in the Amended Complaint that the Brittons did not receive Fabrazyme until March 2011, ¶ 69—*i.e.*, after they filed the Original Complaint, which alleged breaches of the same warranties.  Since the Brittons purportedly believed Defendants were in breach of the supposed warranties at the time they first obtained Fabrazyme, the warranties could not have been part of the basis of their bargain with Genzyme.  *See Reece v. Good Samaritan Hosp.*, 953 P.2d 117, 123 (Wash. Ct. App. 1998) (plaintiff must show reliance on express warranty).[12]

- Under Pennsylvania law, applicable to plaintiffs Anita Hochendoner, Anita Bova and Michael Masula, the claim fails because they did not provide the required notice to Defendants of their alleged breach of warranties before filing suit.  *See, e.g.*, *Am. Fed'n of State Cnty. & Mun. Health Emps. v. Ortho-McNeil-Janssen Pharm., Inc.*, No. 08-cv-5904, 2010 WL 891150, at *7 (E.D. Pa. Mar. 11, 2010).

---

[12] The Brittons' claims for breach of implied warranty fail for essentially the same reason, as no warranty could have been the proximate cause of their injuries, as required by Wash. Rev. Code 7.72.030(2).  *Cf. Frye v. Biro Mfg. Co.*, No. C10-0192-JCC, 2011 WL 1362537, at *2 (W.D. Wash. Apr. 11, 2011) (applying proximate causation analysis to deny failure to warn claims).

### 2. The Claims of Eight Plaintiffs' Implied Warranty Claims Fail Under Their Respective State Laws.

The implied warranty claims, when examined under the applicable state laws, fail as to the majority of Plaintiffs.

Michigan law, applicable to plaintiffs Thomas Olszewski and Ricky Ladd, grants absolute immunity to drug manufacturers in all product liability actions, to include claims for breaches of implied warranty. *See* Mich. Comp. Laws Ann. § 600.2946(5); *Griffus*, 2006 WL 2583129, at *1-*2.

Pennsylvania law, applicable to plaintiffs Anita Hochendoner, Anita Bova and Michael Masula, similarly bars claims for breach of implied warranty regarding prescription medications. *See Makripodis v. Merrell-Dow Pharm., Inc.*, 523 A.2d 374, 377 (Pa. Super. Ct. 1987) (finding that "the very nature of prescription drugs themselves precludes" claims for breach of the implied warranty of merchantability).[13]

The laws of Florida and Washington, applicable to plaintiff Tom Stanziano and plaintiffs Amber Britton and Shawn Britton, respectively, require contractual privity between the parties.[14] That requirement is not met here, where Plaintiffs do not allege they purchased Fabrazyme directly from Defendants. The claims of Washington plaintiffs Shawn Britton and Amber Britton also fail for the independent reasons described *supra*, n.12.

---

[13] *See also Kester*, 2010 WL 2696467, at *11; *Soufflas v. Zimmer, Inc.,* 474 F. Supp. 2d 737, 751-52 (E.D. Pa. 2007) (finding that both the implied warranties of merchantability and fitness do not apply to prescription drugs.); *Parkinson*, 315 F. Supp. 2d at 752-53.

[14] *See Cruz v. Mylan, Inc*., No. 8:09-cv-1106-T17-EAJ, 2010 WL 598688, at *2 (M.D. Fla. Feb. 17, 2010); *Baker v. Danek Med.*, 35 F. Supp. 2d 875, 878 (N.D. Fla. 1998) ("Florida courts have required privity between the manufacturer and the consumer of the product in order for the consumer to assert an implied warranty claim."); *Tex Enters., Inc. v. Brockway Std., Inc.*, 66 P.3d 625, 629 (Wash. 2003) ( "[T]he plain meaning of th[e] statutory language forecloses application of implied warranties where there is no underlying contract to which the purchaser is a party or an intended third-party beneficiary.").

### E.     The Bayh-Dole Act Does Not Establish an Implied Right of Action.

Count V purports to advance an implied cause of action under the Bayh-Dole Act. However, courts across the country have concluded when considering that Act that no such cause of action exists.  *See, e.g.*, *Fenner Invs., Ltd. v. Hewlett-Packard Co.*, No. 6:08-CV-273, 2010 WL 3275758, at *4 (E.D. Tex Apr. 15, 2010); *Madey v. Duke Univ.*, 413 F. Supp 2d. 601, 613 (M.D.N.C. 2006); *Ciba-Geigy Corp. v. Alza Corp.*, 804 F. Supp. 614, 629 (D.N.J. 1992).

In evaluating a federal statute to determine whether an implied cause of action exists, the Supreme Court looks to both the statutory language itself and the accompanying legislative history to determine whether Congress intended to create a private cause of action.  *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n.*, 453 U.S. 1, 13 (1981).  Nothing in either the Bayh-Dole Act or its legislative history suggests that such a right of action was intended.  The Act regulates "the relationship between the Government and its funding recipients, ***not*** the relationships between private parties."  *Madey*, 413 F. Supp. 2d. at 613 (emphasis added).

Moreover, the Bayh-Dole Act provides an express remedy (*i.e.*, the "march-in" right) precisely aimed at the alleged harm that plaintiffs claim entitles them to an implied remedy.  35 U.S.C. § 203.  Existence of an express remedy demonstrates that Congress did not intend to create an implied cause of action under the same statute.  *Middlesex Cnty. Sewerage Auth.*, 454 U.S. at 3.  *See also Astra USA, Inc. v. Santa Clara Cnty.*, 131 S. Ct. 1342, 1343 (2011).  Several named plaintiffs already exercised their express right under the Act; their request was denied, although those plaintiffs have requested reconsideration.  Am. Compl., ¶¶ 97-99.  Nothing suggests Congress intended to create an implied cause of action permitting another attempt to enforce the statute privately; Count V must be dismissed.

**F.      Counts Alleging Statutory Violations of State Consumer Protection Statutes Fail as a Matter of Law.**

Plaintiffs also advance a series of claims under state consumer protection statutes, all of which fail to state a viable cause of action under the relevant state laws.

### 1.      Count VI Fails to State a Claim Under Pennsylvania Law.

Count VI fails as a matter of law because a prescribing physician breaks the chain of justifiable reliance and causation required for a successful action under the Pennsylvania Unfair Trade Practices Consumer Protection Law ("UTPCPL"). *See Kester*, 2010 WL 2696467, at *14 ("Under Pennsylvania [law], a plaintiff does not have a viable UTPCPL cause of action against a manufacturer of prescription drugs."); *Zafarana v. Pfizer Inc.*, 724 F. Supp. 2d 545, 558 (E.D. Pa. 2010). Fabrazyme is a prescription biological treatment. *See* Am. Compl., Ex. A.

### 2.      Counts VII and VIII Fail Under Nevada and Michigan Law, Respectively.

Counts VII and VIII must be dismissed because neither the Nevada Deceptive Trade Practices Act ("NDTPA") nor the Michigan Consumer Protection Act ("MCPA") applies to conduct regulated by state or federal law. *See* Nev. Rev. Stat. Ann. § 598.0955 (West 2011)[15]; Mich. Comp. Laws Ann. § 445.904(1)(a) (West 2011).[16] The manufacture, sale, and use of Fabrazyme, as a biologics product, are regulated under federal law. *See, e.g.*, 42 U.S.C. § 262 *et seq.* (2010), 21 U.S.C. § 301 (2010), *et seq.*, 21 U.S.C. § 360aa (2010), *et seq.*, and 21 C.F.R

---

[15]  "The provisions of NRS 598.0903 to 598.0999, inclusive, do not apply to:  (a) Conduct in compliance with the orders or rules of, or a statute administered by, a federal, state or local governmental agency."  Nev. Rev. Stat. Ann. § 598.0955 (West 2011).

[16]  *See also McLiechey v. Bristol West Ins. Co.*, 408 F. Supp. 2d 516, 523 (W.D. Mich. 2006) (*citing Smith v. Globe Life Ins. Co.*, 597 N.W.2d 28, 38 (Mich. 1999)); *Duronio v. Merck & Co.*, No. 267003, 2006 WL 1628516, at *7 (Mich. Ct. App. June 13, 2006); *Peter v. Stryker Orthopaedics, Inc.*, 581 F. Supp. 2d 813, 816 (E.D. Mich. 2008); *Kemp v. Pfizer, Inc.*, 835 F. Supp. 1015, 1021 (E.D. Mich. 1993).

§ 316 (2011).  Plaintiffs' claims under Nevada and Michigan state consumer protection laws are therefore foreclosed as a matter of law.

### 3.  Count IX Fails Under Delaware Law.

Count IX fails under Delaware law, as Kyle Willink lacks standing to bring a claim under the Delaware Uniform Deceptive Trade Practices Act ("DTPA") because he is a consumer of a product and lacks the requisite "business interest."  *Crosse v. BCBSD*, Inc., 836 A.2d 492, 497 (Del. 2003); *see also Ayers v. Quillen*, No. Civ. A. 03C-02-004, 2004 WL 1965866, at *5 (Del. Super. June 30, 2004) ("Since [plaintiff] is a consumer of the services the [defendant] provides and is not a competing business, she has no standing to bring a claim under the DTPA."); *Conway v. A.I. duPont. Hosp. for Children*, C.A. No. 04-4862, 2007 WL 560502, at *7 n.5 (E.D. Pa. Feb. 14, 2007) ("The Delaware courts have limited standing for [DTPA] claims to businesses, not consumers.").

### 4.  Count X Fails Under North Carolina Law.

Count X purports to plead a claim under the North Carolina Unfair and Deceptive Trade Practice Act ("NCUDTPA").  To state a viable claim at the pleading stage under the NCUDTPA, plaintiffs must allege "*egregious* or *aggravating* circumstances." *See Dalton v. Camp,* 548 S.E.2d 704, 711 (N.C. 2001) (*citing Allied Distribs., Inc. v. Latrobe Brewing Co.,* 847 F. Supp. 376, 379 (E.D.N.C. 1993)).  Because the manufacture, use and sale of Fabrazyme are regulated by federal law, *supra* Section II.F.2, Plaintiffs cannot plead the "*egregious* or *aggravating* circumstances" required.  Courts applying North Carolina law have recognized this in refusing to recognize a cause of action under the NCUDTPA when the underlying transaction is regulated by federal law.  *See, e.g.*, *Harrah v. J.C. Bradford & Co.*, No. 93-2458, 1994 WL 543528, at *3 (4th Cir. Oct. 6, 1994) (finding that NCUDTPA does not apply to securities transactions because of "pervasive and intricate" securities regulations under both state and federal law); *Ross v. Fed.*

*Deposit Ins. Corp.*, 625 F.3d 808, 812 (4th Cir. 2010) (finding that the Fair Credit Reporting Act preempted the NCUDPTA regarding reporting false credit information).

### 5.   Count XI Fails Under Florida Law.

Count XI fails because the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") does not apply to a "claim for personal injury or death."[17]  Fla. Stat. § 501.212(3) (2008).  *See Fields v. Mylan Pharm., Inc.*, 751 F. Supp. 2d 1257, 1259 (N.D. Fla. 2009) (dismissing plaintiff's FDUPTA claim because he sought damages for personal injuries); *T.W.M. v. Am. Med. Sys., Inc.*, 886 F. Supp. 842, 844 (N.D. Fla. 1995) (dismissing plaintiff's FDUTPA claim because "[i]n short, plaintiff seeks damages in this Court for personal injuries.").

### 6.   Count XII Fails Under Washington Law.

Count XII fails under Washington law because that state's statutory scheme addressing deceptive trade practices expressly permits suits *only* by "[a]ny person who is injured in his or her business or property . . . to recover the actual damages sustained by him or her."  Wash. Rev. Code 19.86.090.   Washington courts have interpreted this language to prohibit recovery of damages for physical injuries.  *Ambach v. French*, 216 P.3d 405, 409 (Wash. 2009); *Stevens v. Hyde Athletic Indus., Inc.*, 773 P.2d 871, 873 (Wash. Ct. App. 1989) ("[Plaintiff] attempts to come within this analysis by classifying her personal injury damages into a pseudo-property

---

[17] In addition, Plaintiffs fail to plead in accordance with the heightened pleading standard required by Rule 9(b), which applies to claims brought under the FDUTPA.  *Prohias v. AstraZeneca Pharm., L.P.*, 958 So.2d 1054, 1056 (Fla. Dist. Ct. App. 2007).  *See also Hall v. Bristol-Myers Squibb Co.*, C.A. Nos. 06-5203(FLW), 06-6050(FLW), 2009 WL 5206144, at *8-*9 (D.N.J. Dec. 30, 2009) (applying Florida law and holding that FDUTPA claims must be pled with the specificity required by Rule 9(b)). Moreover, any claims regarding a prescription drug manufacturer's promotional or advertising activity based upon FDA-approved labeling is "specifically permitted" by federal  and state law and falls under the FDUTPA's safe harbor provision.  *Prohias*, 958 So.2d at 1056; *see also Berenguer v. Warner-Lambert Co.*, No. 02-05242, 2003 WL 24299241, at *3-*4 (Fla. Cir. Ct. July 31, 2003).  The FDA has approved Fabrazyme and its label.  *See* Am. Compl., Ex. A.

structure, i.e., special damages such as hospital, physician, and rehabilitative expenses, constitute property and economic interests. This argument is unconvincing."); *Nw. Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc.*, 58 F. Supp. 2d 1211, 1215 (W.D. Wash. 1999).

### 7.   Count XIII Fails Under Washington Law.

Count XIII for violations of the Washington Product Liability Act formulaically recites the totality of Plaintiffs' allegations generally.  *See* Am. Compl., ¶ 151 a. through cc.  But the statute recognizes only claims for failure to warn, design defects, manufacturing defects and breach of warranty.  *See* Wash. Rev. Code 7.72.030; 16 Wash. Prac., Tort Law & Prac. § 16.11 (3d ed. 2011). None of Plaintiffs' allegations can be colorably described as alleging a "design defect."  The Washington plaintiffs' claims for breach of warranty are not cognizable, *see supra*, II.D.  And, to the extent that their claims can be categorized as alleging either a manufacturing defect or a failure to warn, such claims also are foreclosed as to the Washington plaintiffs that assert Count XIII, Amber and Shawn Britton, based on the facts alleged. [18]

In Plaintiffs' Original Complaint, plaintiffs Amber and Shawn Britton were alleged to have been denied access to Fabrazyme because of the "Genzyme Rationing Plan."  Original Compl., ¶ 44. The Amended Complaint alleges that, as of March 2011, both Amber and Shawn Britton have begun to receive "a reduced dose of Fabrazyme."  Am. Compl., ¶ 69.  But the only allegation that can be read as a "manufacturing defect" is with respect to Fabrazyme produced in November 2009—***well over a year prior*** to the Brittons first receiving Fabrazyme.  Am. Compl., ¶ 54.  Under Washington law, any claim based on an alleged failure to warn is barred when a

---

[18] Count XIII fails as to Mt. Sinai for the independent reason that the Washington Product Liability Act is by its own terms limited to "manufacturers" and "sellers" of products.  *See* Wash. Rev. Code 7.72.030; *Braaten v. Saberhagen Holdings*, 198 P.3d 493, 504 (Wash. 2008) (defendant not liable in connection with product "it did not manufacture and for which…[it] was not in the chain of distribution."); *Macias v. Mine Safety Appliances Co.*, 244 P.3d 978, 986-87 (Wash. Ct. App. 2010).

plaintiff, as here (*see supra*, II.D), has actual knowledge of the alleged risks posed by the product in question; such knowledge breaks the chain of proximate causation.  *See, e.g.*, *Frye*, 2011 WL 1362537, at *2; *Baughn v. Honda Motor Co.*, 727 P.2d 655, 664-65 (Wash. 1986).

### 8.    Count XIV Fails Under Michigan Law.

Count XIV fails, as the statute that governs Michigan product liability law states "a drug is not defective or unreasonably dangerous, and the manufacturer or seller is not liable" as long as the drug and its labeling have been approved by the FDA, and such approval was not fraudulently obtained. Mich. Comp. Laws Ann. § 600.2946(5) (West 2011).  Plaintiffs affirmatively plead that FDA approval for Fabrazyme was obtained, and do not allege that it was done so fraudulently.  Am. Compl., ¶ 43.  *See Taylor*, 658 N.W.2d at 131; *Johnson v. Chrysler Corp.*, 254 N.W. 2d 569, 571 (Mich. Ct. App. 1977); *White*, 538 F. Supp. 2d at 1026, 1031.  As discussed *supra*, "a drug that has obtained FDA approval" cannot be the basis for a product liability action in Michigan.  *See Att'y Gen. v. Merck Sharp & Dohme Corp.*, --N.W.2d --, No. 292003, 2011 WL 921669 (Mich. Ct. App. Mar. 17, 2011).  Count XIV, therefore, fails as a matter of law. [19]

### 9.    Count XV Fails Under California Law.

California law limits remedies under Cal. Bus. & Prof. Code § 17200 to equitable relief. *See, e.g.*, *In re Vioxx Class Cases*, 103 Cal. Rptr. 3d 83, 95-96 (Cal. Ct. App. 2009).  As Count XV seeks only money damages, it must be dismissed as a matter of law.

---

[19] Count XIV fails as to Mt. Sinai for the independent reason that the Michigan statute, by its own terms, is limited to "manufacturers" and "sellers" of products. *See* Mich. Comp. Laws Ann. § 600.2946 (West 2011).

### G.   Count XVI Fails Because No Underlying Counts Survive to Support an Action for Loss of Consortium.

Count XVI, Loss of Consortium, fails because it cannot survive without the underlying counts to support it.[20]  In addition, Plaintiffs' loss of consortium claims were insufficiently pled because they failed to allege which particular injury underlies each Plaintiff's loss of consortium claim.  *See, e.g.*, *Breeser v. Menta Grp., Inc., Nfp*, No. 2:10-CV-01592-PHX-JAT, 2011 WL 1465523, at *9 (D. Ariz. Apr. 18, 2011) ("Plaintiffs also fail to allege any facts supporting the claimed deprivation of 'love and affection, society, companionship, and support' suffered by [husband].  Thus, Plaintiffs' allegations pertaining to [husband]'s alleged loss of consortium are conclusory, offering no grounds on which this claim rests, and fall short of the pleading standard set out in *Twombly*.") (citation omitted).

---

[20] *See Schroeder v. Ear, Nose & Throat Assocs. of Lehigh Valley, Inc.*, 557 A.2d 21, 22 (Pa. Super. Ct. 1989) ("Any action for loss of consortium is derivative, depending for its viability upon the substantive merit of the injured party's claims."); *Long v. Chelsea Cmty. Hosp.*, 557 N.W.2d 157, 162 (Mich. Ct. App. 1996) ("A derivative claim for loss of consortium stands or falls with the primary claims in the complaint."), *abrogated on other grounds by Feyz v. Mercy Mem. Hosp.*, 719 N.W.2d 1 (Mich. 2006); *Francom v. Costco Wholesale Corp.*, 991 P.2d 1182, 1195 (Wash. Ct. App. 2000) ("[T]here can be no claim for loss of consortium if no legal wrong has been committed against the impaired spouse."); *Jaffe v. Snow*, 610 So.2d 482, 488 (Fla. Dist. Ct. App. 1993)("Any loss of consortium…is deemed to be a derivative cause of action in Florida."); *LeFiell Mfg. Co. v. Superior Court*, 122 Cal. Rptr. 3d 841, 849 (Cal. Dist. Ct. App. 2011) ("While the losses for which damages are sought in a consortium action may properly be characterized as 'separate and distinct' from the losses to the physically injured spouse [citation omitted] the former are unquestionably dependent, legally as well as causally, on the latter.").

## <u>CONCLUSION</u>

For the reasons set forth above, the Amended Complaint must be dismissed on the grounds that it has been insufficiently pled and that the majority of claims fail as a matter of law.

Respectfully submitted,

Dated:  May 12, 2011

By: <u>/s/ Joan A. Lukey</u>
    Joan A. Lukey  (BBO# 305340)
    Catherine A. Mondell  (BBO# 639605)
    Timothy J. Wyse  (BBO# 667514)
    ROPES & GRAY LLP
    Prudential Tower
    800 Boylston Street
    Boston, Massachusetts 02199-3600
    Telephone:  (617) 951-7000
    Fax:  (617) 951-7050
    joan.lukey@ropesgray.com
    catherine.mondell@ropesgray.com
    timothy.wyse@ropesgray.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 12th day of May, 2011.  A courtesy copy shall also be served by first-class upon the following:

Matthew L. Kurzweg
C. Allen Black, Jr.
Kurzweg Law Offices
Bruno Building, 5th Floor
945 Liberty Avenue
Pittsburgh, PA 15222

/s/ Timothy J. Wyse
Timothy J. Wyse