IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANITA HOCHENDONER; EARL HOCHENDONER; ANITA BOVA; JOSEPH M. CARIK; BARBARA J. CARIK; MICHAEL MASULA; ERIN MASULA; AMBER BRITTON; SHAWN BRITTON; CHERYL BRITTON; THOMAS OLSZEWSKI; DARLENE COOKINGHAM; KYLE WILLINK; TOM STANZIANO; WENDY STANZIANO; RICKY LADD; STACY LADD; STEVE NAMNATH; HEIDI WITTENBERG; and DAVID ROBERTS, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GENZYME CORPORATION; and MOUNT SINAI SCHOOL OF MEDICINE OF THE CITY UNIVERSITY OF NEW YORK, <br><br> Defendants. | Civil Action No. 1:11-cv-10739-DPW <br><br> REQUEST FOR ORAL ARGUMENT |

**BRIEF IN SUPPORT OF MOTION TO DISMISS AS TO DEFENDANT MOUNT SINAI SCHOOL OF MEDICINE FOR LACK OF PERSONAL JURISDICTION**

## TABLE OF CONTENTS

**Page**

I.    FACTS RELEVANT TO ANALYSIS OF JURISDICTION ............................................. 1

II.   MT. SINAI MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ................................................................................................................ 2

    A.    Massachusetts Lacks General Jurisdiction Over Mt. Sinai ...................................... 3

    B.    Massachusetts Lacks Specific Jurisdiction Over Mt. Sinai ..................................... 4

        1.    Mt. Sinai's alleged contacts with Massachusetts lack relatedness to the Plaintiffs' causes of action. ..................................................................... 4

        2.    Mt. Sinai did not target its activities to Massachusetts nor avail itself of the opportunity to do business there. ............................................. 5

        3.    Massachusetts's exercise of personal jurisdiction over Mt. Sinai lacks reasonableness. .................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Astro-Med, Inc. v. Nihon Kohden Am., Inc.*,
  591 F.3d 1 (1st Cir. 2009)...................................................................................................2

*Burger King v. Rudzewicz,*
  471 U.S. 462 (1985).............................................................................................................4

*Champion Exposition Servs., Inc. v. Hi-Tech Elec., LLC*,
  273 F. Supp. 2d 172 (D. Mass. 2003) .................................................................................4

*Cossaboon v. Maine Med. Ctr.*,
  600 F.3d 25 (1st Cir. 2010)..................................................................................................3

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*,
  290 F.3d 42 (1st Cir. 2002)..................................................................................................7

*Ganis Corp. of Cal. v. Jackson*,
  822 F.2d. 194 (1st Cir. 1987)...............................................................................................4

*Gehling v. St. George's Sch. of Med., Ltd.*,
  773 F.2d. 539 (3d Cir. 1985)................................................................................................3

*Greenberg v. Miami Children's Hosp. Research Inst., Inc.*,
  208 F. Supp. 2d 918 (N.D. Ill. 2002) ...............................................................................3, 5

*Hanson v. Deckla*,
  357 U.S. 235 (1958).........................................................................................................5, 6

*Harlow v. Children's Hosp.*,
  432 F.3d 50 (1st Cir. 2005)..........................................................................................2, 3, 7

*Ins. Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee*,
  456 U.S. 694 (1982).............................................................................................................2

*Nowak v. Tak How Invs. Ltd.*,
  94 F.3d 708 (1st Cir. 1996)..................................................................................................7

*Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*,
  196 F.3d 284, 288 (1st Cir. 1999)....................................................................................3, 5

*Phillips v. Prairie Eye Ctr.*,
  530 F.3d 22 (1st Cir. 2008)..................................................................................................2

*Sawtelle v. Farrell,*
    70 F.3d 1381 (1st Cir. 1995)..................................................................................................4, 6

*Ticketmaster N.Y., Inc. v. Alioto,*
    26 F.3d 201 (1st Cir. 1994)......................................................................................................5, 6

*United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.,*
    960 F.2d 1080 (1st Cir. 1992)......................................................................................................3

**OTHER AUTHORITIES**

U.S. Const. amend. XIV ................................................................................................................2

Defendant Mount Sinai School of Medicine ("Mt. Sinai")[1] brings this motion to be dismissed from the suit as this Court lacks personal jurisdiction.

In the sixteen count Amended Complaint, Plaintiffs advance allegations that the first defendant, Genzyme Corporation ("Genzyme"), is not manufacturing the biologic treatment Fabrazyme quickly enough, well enough, or in sufficient quantities to meet demand. As the alleged basis for naming Mt. Sinai as a second defendant, Plaintiffs point to a 1995 patent license agreement between Genzyme and Mt. Sinai for a process used by Genzyme in connection with the manufacture of Fabrazyme. Am. Compl., ¶ 33. However, the license agreement does not give Mt. Sinai any control over where, how, or in what quantity Fabrazyme is manufactured, and does not establish sufficient ties between Massachusetts and Mt. Sinai to permit this Court to exercise personal jurisdiction over Mt. Sinai. Accordingly, Mt. Sinai must be dismissed from this suit.

## I.     FACTS RELEVANT TO ANALYSIS OF JURISDICTION

As the Plaintiffs acknowledge, Mt. Sinai is an education corporation organized and existing under the laws of the State of New York, with its headquarters and principal place of business located in New York. *See* Affidavit of W. Patrick McGrath In Support Of Defendants' Motion To Dismiss As To Defendant Mount Sinai School Of Medicine For Lack Of Personal Jurisdiction (hereinafter "Mt. Sinai Affidavit"), ¶¶ 2-3; Am. Compl., ¶ 1. Mt. Sinai does not conduct operations in, or advertise directly in, Massachusetts. *See* Mt. Sinai Affidavit, ¶ 4. Dr. Desnick, a professor at Mt. Sinai in New York, conducted research in New York that led to the discovery and development of U.S. Patent No. 5,356,804 in New York. *See* Mt. Sinai Aff., ¶ 5.

---

[1] Mt. Sinai School of Medicine operates as an independent entity from the City University of New York and, in this respect, is incorrectly described in the Amended Complaint.

As alleged, Genzyme obtained from Mt. Sinai a patent license relating to the manufacture of Fabrazyme, Am. Compl., at ¶ 33; Mt. Sinai Aff., ¶ 6.  However, Mt. Sinai and its faculty do not manufacture Fabrazyme or have any role in that process.  *See* Mt. Sinai Aff., ¶ 9.  All Mt. Sinai's decisions regarding the License Agreement were made in New York and Mt. Sinai receives all royalty payments from the License Agreement in New York.  *See* Mt. Sinai Aff., ¶¶ 7-8.

Although Plaintiffs allege certain other contacts between Mt. Sinai, Dr. Desnick and Genzyme, they do not allege that Mt. Sinai, through these contacts, is operating in Massachusetts.[2]

## II.    MT. SINAI MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

A federal district court may assert personal jurisdiction over a nonresident only to the extent permitted under the Constitution's due process clause.[3]  *Ins. Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); U.S. Const. amend. XIV. Plaintiffs bear the burden of establishing sufficient facts to justify Massachusetts's exercise of personal jurisdiction over Mt. Sinai.  *See Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009).  Here, Plaintiffs have failed to establish that Massachusetts has general or specific personal jurisdiction over Mt. Sinai.

---

[2] Simply providing "conclusory allegations to demonstrate that 'the defendant's in-state conduct ... form[s] an 'important, or [at least] material, element of proof in the plaintiff's case'" will not satisfy the relatedness inquiry.  *Harlow v. Children's Hosp.*, 432 F.3d 50, 61 (1st Cir. 2005) (citation omitted).

[3] Federal courts applying Massachusetts law often proceed directly to the Constitutional due process analysis because "the Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States." *Phillips v. Prairie Eye Ctr.,* 530 F.3d 22, 26 (1st Cir. 2008) (quotations and citations omitted).

2

### A.  Massachusetts Lacks General Jurisdiction Over Mt. Sinai

General jurisdiction "exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1088 (1st Cir. 1992); *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir. 1999) (Courts concentrate on the "quality and quantity of the potential defendant's contacts with the forum.").

Plaintiffs do not allege "continuous and systematic" activity by Mt. Sinai in Massachusetts and, in fact, Mt. Sinai is a non-profit corporation that does not engage in "continuous and systematic" business in Massachusetts. *See* Mt. Sinai Aff., ¶ 4.  Mt. Sinai's only alleged contact with Massachusetts is the license agreement with Genzyme, which fails to establish general jurisdiction. *See, e.g., Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 208 F. Supp. 2d 918, 923 (N.D. Ill. 2002) (finding that, although the defendant had granted licenses to its patent to a facility in Illinois, the state still lacked general personal jurisdiction over that defendant).  Moreover, any incidental contacts Mt. Sinai may have with Massachusetts as a result of its being a medical school and a research institution are not sufficient to establish general personal jurisdiction. *See, e.g.*, *Cossaboon v. Maine Med. Ctr.*, 600 F.3d 25, 29, 38 (1st Cir. 2010) (treating patients from the forum-state insufficient to establish general jurisdiction).[4]

---

[4] *See also, e.g.*, *Harlow,* 432 F.3d at 66. ("Treating patients from Maine in Massachusetts, even on a regular basis, is not the same as engaging in continuous and systematic activity in Maine."); *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d. 539, 542-44 (3d Cir. 1985) (general contact that medical school may have with forum state such as having students or staff who live in the state, or advertising in national publications that circulate in forum, are the contacts of any nationally recognized medical school and are not sufficient for an exercise of general personal jurisdiction.).

### B.     Massachusetts Lacks Specific Jurisdiction Over Mt. Sinai

Specific jurisdiction is established when the defendant has "purposefully availed itself of the forum state, and…the forum-based activity [is] truly related to the cause of action." *Harlow*, 432 F.3d at 61.

Here, Plaintiffs do not allege any conduct by Mt. Sinai in Massachusetts that would constitute purposeful availment, and the license agreement Genzyme has with Mt. Sinai does not constitute contact sufficient for specific jurisdiction over Mt. Sinai.[5]  Thus, under the First Circuit's three-part test addressed more fully below, Massachusetts cannot assert specific jurisdiction over Mt. Sinai. *Sawtelle v. Farrell,* 70 F.3d 1381, 1389 (1st Cir. 1995) (requiring (1) claim underlying the litigation must directly relate to, or arise out of, forum-state activities; (2) contacts must demonstrate a purposeful availment of the privilege of conducting activities in the state, making defendant's presence before the state's courts foreseeable; and (3) exercise of jurisdiction must be reasonable through an analysis of the gestalt factors).

#### 1.     Mt. Sinai's alleged contacts with Massachusetts lack relatedness to the Plaintiffs' causes of action.

In order to satisfy the relatedness prong in tort actions, Plaintiffs must allege that the defendant's contacts to the forum were a proximate cause of their purported injury. *See Champion Exposition Servs., Inc. v. Hi-Tech Elec., LLC*, 273 F. Supp. 2d 172, 177 n.2 (D. Mass. 2003) ("Where a plaintiff's cause of action is, in essence, a tort claim, the First Circuit has required…that the defendant's contacts with the forum state were the proximate cause and not

---

[5] *See Burger King v. Rudzewicz,* 471 U.S. 462, 475-78 (1985) (merely executing a contract with a forum resident is not necessarily a sufficient contact so as to confer personal jurisdiction over the nonresident defendant); *Ganis Corp. of Cal. v. Jackson*, 822 F.2d. 194, 197-98 (1st Cir. 1987) ("[T]he court is to look at all of the communications between the parties, before, during and after the consummation of the contract, to determine the degree and type of contacts the defendant has with the forum, apart from the contract alone.").

merely a but-for cause of the plaintiff's injury.") Plaintiffs fail to demonstrate that any conduct by Mt. Sinai in Massachusetts was the proximate cause of Plaintiffs' injuries. *See Sawtelle*, 70 F.3d at 1389 ("The relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the *specific* contacts between the defendant and the forum state.") (emphasis added).

The license by Genzyme of Mt. Sinai's patent cannot be said to be the proximate cause of Plaintiffs' claims.[6] The Plaintiffs' alleged harms relate to the manufacture and production of Fabrazyme, which Mt. Sinai does not control.[7] Mt. Sinai is not responsible for where, how, or to whom Fabrazyme is sold, and Mt. Sinai cannot be subject to personal jurisdiction in Massachusetts because of the unilateral activities of another party (*i.e.*, Genzyme). *See Hanson v. Deckla*, 357 U.S. 235, 253 (1958) ("[T]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."); *Greenberg*, 208 F. Supp. 2d at 924. Because personal jurisdiction fails for a lack of relatedness, the due process inquiry ends; all three prongs of the First Circuit's test must be satisfied to warrant Massachusetts' exercise of specific jurisdiction. *Phillips Exeter*, 196 F.3d at 288.

### 2. Mt. Sinai did not target its activities to Massachusetts nor avail itself of the opportunity to do business there.

Plaintiffs also have failed to demonstrate the purposeful availment requirement, which focuses on voluntariness and forseeability and seeks to ensure that personal jurisdiction is not based on random contacts with the forum state. *Ticketmaster N.Y., Inc. v. Alioto*, 26 F.3d 201,

---

[6] Plaintiffs' argument is, in essence, that Mt. Sinai should have licensed its patent to additional unnamed entities in unnamed locations, *see* Am. Compl., ¶¶ 103.1, 107.h., 151.l, 155.1 – an allegation that *cannot* show links between Mt. Sinai and Massachusetts.

[7] Dr. Desnick is also not involved in the manufacture or sale of Fabrazyme.

5

207 (1st Cir. 1994). Mt. Sinai did not purposefully avail itself to Massachusetts because it did not engage in any conduct in Massachusetts. The license agreement Genzyme obtained from Mt. Sinai did not specify where Genzyme would produce Fabrazyme or require Genzyme to manufacture and produce Fabrazyme in any specific location, let alone in Massachusetts. Mt. Sinai did not exercise any control over where and how Genzyme would manufacture its product. *See* Mt. Sinai Aff., ¶ 9. To the extent relevant here, the license agreement provides that the law of New York—*not* Massachusetts–governs the terms of that agreement. *See* Mt. Sinai Aff., ¶ 10. For an exercise of personal jurisdiction, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," *Hanson*, 357 U.S. at 253, and that test is not met as to Mt. Sinai.

### 3. Massachusetts's exercise of personal jurisdiction over Mt. Sinai lacks reasonableness.

The reasonableness prong of the First Circuit's test considers whether Massachusetts's exercise of personal jurisdiction over Mt. Sinai is reasonable in light of certain "gestalt factors." *Sawtelle*, 70 F.3d at 1394.[8] The factors include: (1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective

---

[8] Since the relatedness and purposeful availment prongs of the due process are not satisfied, the court need not examine reasonableness. *See Sawtelle*, 70 F.3d at 1394 ("[T]hat a failure to demonstrate the necessary minimum contacts eliminates the need even to reach the issue of reasonableness: '[t]he [g]estalt factors come into play only if the first two segments of the test for specific jurisdiction have been fulfilled.'") (internal citations omitted). Moreover, "the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Ticketmaster N.Y.*, 26 F.3d at 210.

resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies. *Id.*

Massachusetts has less of a significant interest in jurisdiction because the injury is not alleged to have occurred in its borders—no Plaintiff is located here. *Nowak v. Tak How Invs. Ltd.*, 94 F.3d 708, 718 (1st Cir. 1996) ("Although a forum state has a significant interest in obtaining jurisdiction over a defendant who causes tortious injury within its borders, that interest is diminished where the injury occurred outside the forum state."). Moreover, there has been no suggestion that Massachusetts law would govern any substantial portion of this dispute, which was originally filed in Pennsylvania, has no Massachusetts plaintiff, and includes statutory counts under the laws of eight other jurisdictions. *See Harlow*, 432 F.3d at 67 (noting that the forum state's law would not govern the dispute while examining the reasonableness of personal jurisdiction); *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 62 (1st Cir. 2002).

## CONCLUSION

For the reasons set forth above, defendant Mt. Sinai must be dismissed, as Massachusetts lacks personal jurisdiction. Strictly in the alternative, Mt. Sinai joins the Motion to Dismiss For Failure to State a Claim Upon Which Relief May Be Granted, filed this same day.

                                              Respectfully submitted,

Dated:  May 12, 2011

By: /s/ Joan A. Lukey
Joan A. Lukey  (BBO# 305340)
Catherine A. Mondell  (BBO# 639605)
Timothy J. Wyse  (BBO# 667514)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Telephone:  (617) 951-7000
Fax:  (617) 951-7050
joan.lukey@ropesgray.com
catherine.mondell@ropesgray.com
timothy.wyse@ropesgray.com

Attorneys for Defendant,
MOUNT SINAI SCHOOL OF MEDICINE

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 12th day of May, 2011. A courtesy copy shall also be served by first-class upon the following:

> Matthew L. Kurzweg
> C. Allen Black, Jr.
> Kurzweg Law Offices
> Bruno Building, 5th Floor
> 945 Liberty Avenue
> Pittsburgh, PA 15222

>> /s/ Timothy J. Wyse
>> Timothy J. Wyse