IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANITA HOCHENDONER; EARL HOCHENDONER; ANITA BOVA; JOSEPH M. CARIK; BARBARA J. CARIK; GEORGE DEMKO; MICHAEL MASULA; ERIN MASULA; AMBER BRITTON; SHAWN BRITTON; CHERYL BRITTON; THOMAS OLSZEWSKI; DARLENE COOKINGHAM; KYLE WILLINK; TOM STANZIANO; WENDY STANZIANO; RICKY LADD; STACY LADD; STEVE NAMNATH; HEIDI WITTENBERG; LEE DEANGELIS; KATHY DEANGELIS and DAVID ROBERTS, Individually and on behalf of all others similarly situated, | Civil Action No. 1:11-cv-10739-DPW |
| Plaintiffs, | REQUEST FOR ORAL ARGUMENT |
| v. | |
| GENZYME CORPORATION; and MOUNT SINAI SCHOOL OF MEDICINE OF THE CITY UNIVERSITY OF NEW YORK, | |
| Defendants. | |

**BRIEF IN SUPPORT OF GENZYME'S MOTION TO DISMISS FOR FAILURE TO MEET MINIMUM PLEADING STANDARDS AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

# TABLE OF CONTENTS

I.    Plaintiffs' Claims Do Not Meet Minimum Pleading Standards ...........................................2

II.   Each Of The Complaint's Counts Must Be Dismissed, Either In Whole Or In Part,
      For Failure To State A Claim As A Matter Of Law ...........................................................5

      A.    Four Plaintiffs' Claims Under Count I, Negligence, Fail as a Matter of
            Law ......................................................................................................................5

      B.    Eight Plaintiffs' Claims Under Count II, Negligence Per Se, Fail as a
            Matter of Law ......................................................................................................6

      C.    The Claims of Five Plaintiffs Under Count III, Strict Liability, Fail as a
            Matter of Law ......................................................................................................8

      D.    Claims Under Count IV for Breach of Express and Implied Warranties
            Fail as a Matter Of Law ......................................................................................9

            1.    No Express Warranty Claim Is Properly Alleged. ......................................9

            2.    Ten Plaintiffs' Claims for Breach of Implied Warranty Fail Under
                  Their Respective State Laws. ....................................................................11

      E.    The Bayh-Dole Act Does Not Establish an Implied Right of Action ..................12

      F.    Counts Alleging Statutory Violations of State Consumer Protection
            Statutes Fail as a Matter of Law ........................................................................13

            1.    Count VI Fails to State a Claim Under Pennsylvania Law ......................13

            2.    Counts VII and VIII Fail Under Nevada and Michigan Law,
                  Respectively. ...........................................................................................13

            3.    Count X Fails Under North Carolina Law. ...............................................14

            4.    Count XI Fails Under Florida Law. ..........................................................15

            5.    Count XII Fails Under Washington Law. ..................................................15

            6.    Count XIII Fails Under Washington Law. .................................................15

            7.    Count XIV Fails Under Michigan Law. .....................................................16

            8.    Count XV Fails Under California Law. ......................................................17

      G.    Count XVII Fails As A Matter Of New York Law ..............................................17

      H.    Count XVIII Fails Because No Underlying Counts Survive to Support an
            Action for Loss of Consortium ...........................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

<small>CASES</small>

*Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-Janssen Pharm., Inc.*,
No. 08-cv-5904, 2010 WL 891150 (E.D. Pa. Mar. 11, 2010) ................................................10

*Ambach v. French*,
216 P.3d 405 (Wash. 2009) ................................................................................15

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) .....................................................................................2, 4

*Astra USA, Inc. v. Santa Clara Cnty.*,
131 S. Ct. 1342 (2011) ......................................................................................12

*Baker v. APP Pharm., LLC*,
No. 09-05725 (JAP), 2010 WL 4941454 (D.N.J. Nov. 30, 2010) ...........................................9

*Baker v. Danek Med.*,
35 F. Supp. 2d 875 (N.D. Fla. 1998) .....................................................................11

*Baraukas v. Danek Med., Inc.*,
No. 6:97-CV-00613, 2000 WL 223508 (M.D.N.C. Jan. 13, 2000) .........................................7

*Barlow v. Delhaize Grp.*,
C.A. No. 08-565-MPT, 2009 WL 1391413 (D. Del. May 15, 2009) .......................................8

*Baughn v. Honda Motor Co.*,
727 P.2d 655 (Wash. 1986) ................................................................................16

*Bearden v. Wyeth*,
482 F. Supp. 2d 614 (E.D. Pa. 2006) ......................................................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................... passim

*Birdsong v. Apple, Inc.*,
No. C-06-02280 JW, 2008 WL 7359917 (N.D. Cal. June 13, 2008) .......................................9

*Borchardt v. Mako Marine Int'l, Inc.*,
No. 08-61199-CIV, 2009 WL 3856678 (S.D. Fla. Nov. 17, 2009) .........................................9

*Branch v. Riverside Park Cmty. LLC*,
899 N.Y.S.2d 57, 2009 WL 2252386 (N.Y. Sup. Ct. July 10, 2009), *aff'd* 903
N.Y.S.2d 390 (N.Y. App Div. 2010) ......................................................................18

*Breeser v. Menta Grp., Inc.*,
    No. 2:10-CV-01592-PHX-JAT, 2011 WL 1465523 (D. Ariz. Apr. 18, 2011).......................19

*Buckley v. I.B.I. Sec. Serv., Inc.*,
    549 N.Y.S.2d 744 (N.Y. App. Div. 1990) ...............................................................18

*Ciba-Geigy Corp. v. Alza Corp.*,
    804 F. Supp. 614 (D.N.J. 1992) ...........................................................................12

*Coalition of 9/11 Families, Inc. v. Rampe*,
    No. 04-civ-6941(JSR), 2005 WL 323747 (S.D.N.Y. Feb. 8, 2005) .......................19

*Cooney v. Rossiter*,
    583 F.3d 967 (7th Cir. 2009) ................................................................................4

*Cornett v. Johnson & Johnson*,
    998 A.2d 543 (N.J. Super. Ct. App. Div. 2010)..............................................12, 19

*Cruz v. Mylan, Inc.*,
    No. 8:09-cv-1106-T17-EAJ, 2010 WL 598688 (M.D. Fla. Feb. 17, 2010)............11

*Dalton v. Camp*,
    548 S.E.2d 704 (N.C. 2001) ................................................................................14

*Duronio v. Merck & Co.*,
    No. 267003, 2006 WL 1628516 (Mich. Ct. App. June 13, 2006) .........................14

*Einhorn v. Seeley*,
    525 N.Y.S.2d 212 (N.Y. App. Div. 1988) .............................................................18

*Fenner Invs., Ltd. v. Hewlett-Packard Co.*,
    No. 6:08-CV-273, 2010 WL 3275758 (E.D. Tex Apr. 15, 2010)...........................12

*Ferens v. John Deere Co.*,
    494 U.S. 516 (1990)..............................................................................................5

*Feyz v. Mercy Mem. Hosp.*,
    719 N.W.2d 1 (Mich. 2006).................................................................................19

*Fields v. Mylan Pharm., Inc.*,
    751 F. Supp. 2d 1257 (N.D. Fla. 2009).................................................................15

*Foran v. Stryker Sales Corp.*,
    No. 10-CV-12187-RGS, 2011 WL 652778 (D. Mass. Feb. 14, 2011) .....................3

*Francom v. Costco Wholesale Corp.*,
    991 P.2d 1182 (Wash. Ct. App. 2000) ..................................................................19

*Frye v. Biro Mfg. Co.*,
    No. C10-0192-JCC, 2011 WL 1362537 (W.D. Wash. Apr. 11, 2011)............................10, 16

*Gill v. Gulfstream Park Racing Ass'n., Inc.*,
    399 F.3d 391 (1st Cir. 2005) ....................................................................8

*Godlewska v. HDA*,
    No. CV-03-3985, 2006 WL 1422410 (E.D.N.Y. May 18, 2006) .....................................17, 18

*Grand Manor Health Related Facility, Inc. v. Hamilton Equities Inc.*,
    885 N.Y.S.2d 255 (N.Y. App. Div. 2009) .......................................................19

*Gregory v. Dillard's, Inc.*,
    565 F.3d 464 (8th Cir. 2009) (en banc) ...........................................................3

*Griffus v. Novartis Pharm. Corp.*,
    No. 06-10891, 2006 WL 2583129 (E.D. Mich. Sept. 6, 2006)...........................................6, 11

*Guinan v. A.I. duPont Hosp. for Children*,
    597 F. Supp. 2d 485 (E.D. Pa. 2009), *aff'd in part and rev'd in part on other grounds
    sub nom.*, *M.G. ex rel. K.G. v. A.I. duPont Hosp. for Children*, 393 F. App'x. 884 (3d
    Cir. 2010) .........................................................................................9

*Harbour Point Homeowners' Ass'n v. DJF Enters., Inc.*,
    697 S.E.2d 439 (N.C. Ct. App. 2010) ...........................................................9

*Harrah v. J.C. Bradford & Co.*,
    No. 93-2458, 1994 WL 543528 (4th Cir. Oct. 6, 1994) ...........................................14

*Heisner ex rel. Heisner v. Genzyme Corp.*,
    No. 08-C-593, 2008 WL 2940811 (N.D. Ill. July 25, 2008) .....................................9

*Heritage Res., Inc. v. Caterpillar Fin. Servs. Corp.*,
    774 N.W.2d 332 (Mich. Ct. App. 2009) ...........................................................9

*Hill v. Danek Med., Inc.*,
    No. 4:96-CV-177-H1, 1998 WL 1048182 (E.D.N.C. Sept. 10, 1998) .....................................8

*Home Valu, Inc. v. Pep Boys*,
    213 F.3d 960 (7th Cir. 2000) ....................................................................8

*In re Orthopedic Bone Screw Prods. Liab. Litig.*,
    193 F.3d 781 (3d Cir. 1999)....................................................................6

*In re Vioxx Class Cases*,
    103 Cal. Rptr. 3d 83 (Cal. Ct. App. 2009) .......................................................17

*Jaffe v. Snow*,
    610 So.2d 482 (Fla. Dist. Ct. App. 1992) ...............................................................19

*Johnson v. Chrysler Corp.*,
    254 N.W.2d 569 (Mich. Ct. App. 1977) ...............................................................17

*Kelley v. Jacobs*,
    No. 21953-1-II, 1999 WL 305232 (Wash. Ct. App. May 14, 1999) .......................9

*Kemp v. Pfizer, Inc.*,
    835 F. Supp. 1015 (E.D. Mich. 1993) ..................................................................14

*Kester v. Zimmer Holdings, Inc.*,
    No. 2:10-cv-00523, 2010 WL 2696467 (W.D. Pa. June 16, 2010) ...........4, 9, 11, 13

*Kornblut v. Chevron Oil Co.*,
    407 N.Y.S.2d 498 (N.Y. App. Div. 1978) ..............................................................18

*Laisure-Radke v. Par Pharm., Inc.*,
    426 F. Supp. 2d 1163 (W.D. Wash. 2006) ...............................................................6

*LeFiell Mfg. Co. v. Superior Court*,
    122 Cal. Rptr. 3d 841 (Cal. Ct. App. 2011) ...........................................................19

*Long v. Chelsea Cmty. Hosp.*,
    557 N.W.2d 157 (Mich. Ct. App. 1996) ...............................................................19

*Madey v. Duke Univ.*,
    413 F. Supp. 2d. 601 (M.D.N.C. 2006) .................................................................12

*Makripodis v. Merrell-Dow Pharm., Inc.*,
    523 A.2d. 374 (Pa. Super. Ct. 1987) .....................................................................11

*McAuley v. Gen. Motors Corp.*,
    578 N.W.2d 282 (Mich. 1998), *overruled in part on other grounds*, 578 N.W.2d 282
    (Mich. 1998) ........................................................................................................17

*McElroy v. City of Lowell*,
    741 F. Supp. 2d 349 (D. Mass. 2010) ...................................................................13

*McKee v. AT&T Corp.*,
    191 P.3d 845 (Wash. 2008)...................................................................................16

*McLiechey v. Bristol W. Ins. Co.*,
    408 F. Supp. 2d 516 (W.D. Mich. 2006) ..............................................................14

*Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*,
    453 U.S. 1 (1981)..................................................................................................12

*Miller v. DePuy Spine, Inc.*
638 F. Supp. 2d 1226 (D. Nev. 2009) ...............................................................7, 9

*Mosteller v. Duke Energy Corp.*,
698 S.E.2d 424 (N.C. Ct. App. 2010) .....................................................................8

*Nw. Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc.*,
58 F. Supp. 2d 1211 (W.D. Wash. 1999) ..............................................................15

*Pantages v. Cardinal Health 200, Inc.*,
No. 5:08-cv-116-Oc-10GRJ, 2009 WL 2244539 (M.D. Fla. July 27, 2009)...........7

*Parkinson v. Guidant Corp.*,
315 F. Supp. 2d 741 (W.D. Pa. 2004)...............................................................8, 11

*People v. Kinder Morgan Energy Partners, L.P.*,
569 F. Supp. 2d 1073 (S.D. Cal. 2008).................................................................7

*Peter v. Stryker Orthopaedics, Inc.*,
581 F. Supp. 2d 813 (E.D. Mich. 2008).................................................................14

*Pruell v. Caritas Christi*,
No. 09-11466-GAO, 2010 WL 3789318 (D. Mass. Sept. 27, 2010) .........................4

*Ramsey v. Summers*,
No. 10-CV-00829, 2011 WL 811024 (W.D. Pa. Mar. 1, 2011) ...............................6

*Reece v. Good Samaritan Hosp.*,
953 P.2d 117 (Wash. Ct. App. 1998)......................................................................10

*Ross v. FDIC*,
625 F.3d 808 (4th Cir. 2010) ................................................................................15

*Ross v. Ross*,
253 N.Y.S. 871 (N.Y. App. Div. 1931) ................................................................19

*Rounds v. Genzyme Corp*,
No. 8:10-cv-2479-T-23TBM, 2010 WL 5297180 (M.D. Fla. Dec. 20, 2010) .........7

*RSL Commc'ns, PLC v. Bildirici*,
No. 04 Civ. 5217(RJS), 2010 WL 846551 (S.D.N.Y. Mar. 5, 2010) ...................18

*Schroeder v. Ear, Nose & Throat Assocs., Inc.*,
557 A.2d 21 (Pa. Super. Ct. 1989)........................................................................19

*Soufflas v. Zimmer, Inc.*,
474 F. Supp. 2d 737 (E.D. Pa. 2007) ...................................................................11

*Spencer v. DHI Mortg. Co.*,
    642 F. Supp. 2d 1153 (E.D. Cal. 2009)................................................................6

*Stevens v. Hyde Athletic Indus., Inc.*,
    773 P.2d 871 (Wash. Ct. App. 1989)..............................................................15

*T.W.M. v. Am. Med. Sys., Inc.*,
    886 F. Supp. 842 (N.D. Fla. 1995)..................................................................15

*Taylor v. SmithKline Beecham Corp.*,
    658 N.W.2d 127 (Mich. 2003)..............................................................10, 17

*Tex Enters., Inc. v. Brockway Std., Inc.*,
    66 P.3d 625 (Wash. 2003)..............................................................................11

*Tingley Sys., Inc. v. CSC Consulting, Inc.*,
    152 F. Supp. 2d 95 (D. Mass. 2001) ...............................................................1

*Trump Vill. Section 3, Inc. v. N.Y. State Housing Fin. Agency*,
    739 N.Y.S.2d 37 (N.Y. App. Div. 2002) ......................................................19

*White v. SmithKline Beecham Corp.*,
    538 F. Supp. 2d 1023 (W.D. Mich. 2008) ..........................................5, 10, 17

*Wolfe v. McNeil-PPC, Inc.*,
    703 F. Supp. 2d 487 (E.D. Pa. 2010) ..............................................................5

*Zafarana v. Pfizer Inc.*,
    724 F. Supp. 2d 545 (E.D. Pa. 2010) ............................................................13

*Zimmermann v. Epstein Becker & Green, P.C.*,
    No. 09-cv-30194-MAP, 2010 WL 2724001 (D. Mass. July 8, 2010) ...............4


**STATUTES**

35 U.S.C. § 203................................................................................................12

Bayh-Dole Act, 35 U.S.C. § 200 *et seq.* .............................................................1

Cal. Bus. & Prof. Code § 17200 .......................................................................17

Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* (2010)...................1, 14

Fla. Stat. § 501.212(3) (2008).............................................................................15

Mich. Comp. Laws Ann. § 445.904(1)(a) (West 2011)....................................14

Mich. Comp. Laws Ann. § 445.911 (West 2011) ..........................................................................14

Mich. Comp. Laws Ann. § 600.2946(5) (West 2011) ...................................................5, 10, 11, 16

Nev. Rev. Stat. Ann. § 598.0955 (West 2011) ............................................................................14

Orphan Drug Act, 21 U.S.C. § 360aa *et seq.* (2011) ...............................................................1, 14

Public Health Service Act, 42 U.S.C. § 262 *et seq.* (2010) ......................................................1, 14

Wash. Rev. Code 7.72.030....................................................................................................10, 15

Wash. Rev. Code § 7.72.010........................................................................................................16

## OTHER AUTHORITIES

21 C.F.R § 316 (2011) ................................................................................................................14

22 N.Y. Jur. 2d Contracts § 313 (2d ed. 2011) ..........................................................................17

Fed. R. Civ. P. 8..........................................................................................................................2

Fed. R. Civ. P. 12(b)(6)...........................................................................................................2, 13

This Motion to Dismiss responds to Plaintiffs' third attempt at fashioning a viable complaint against Genzyme Corporation ("Genzyme").[1] Plaintiffs continue to fall well short of the necessary pleading and legal standards to maintain viable complaint and, accordingly, the Second Amended Complaint[2] must be dismissed in its entirety and, at this stage, Genzyme respectfully requests that the dismissal be with prejudice.

Although the Complaint advances 18 separate counts, and covers several separate groups of Plaintiffs,[3] in essence, the allegations are that Genzyme is not manufacturing the biologic treatment Fabrazyme quickly enough, well enough, or in sufficient quantities to meet demand. Plaintiffs——well aware that Fabrazyme is extensively regulated under federal law[4]—— previously attempted to advance the claims and allegations now pressed here by petitioning the National Institutes of Health (NIH) pursuant to the Bayh-Dole Act, 35 U.S.C. § 200 *et seq.* The NIH denied the petition, noting the steps that Genzyme is taking to address Fabrazyme shortages.

---

[1] Genzyme is a leading biotechnology company focusing on the development of products to treat patients suffering from rare inherited disorders and other serious conditions. One segment of the company's business develops and manufactures products that treat lysosomal storage diseases— metabolic disorders caused by a lack of certain enzymes. Plaintiffs' complaints in this case are with respect to Fabrazyme, one such product that is manufactured by Genzyme for physicians to use in treating patients who have been diagnosed with Fabry disease. Compl., ¶ 42.

[2] References herein to the "Complaint" or "Compl." are to the Second Amended Complaint. While this motion is pending, Defendants' time to Answer the Second Amended Complaint is tolled. *See, e.g.*, *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 122 (D. Mass. 2001).

[3] For purposes of this Motion only, Defendants accept the allegations of the Complaint. Plaintiffs in this action comprise different groups of individuals including: (i) Fabry patients who have received continuous treatment with Fabrazyme; (ii), Fabry patients who have received treatment with Fabrazyme for some, but not all, of the time period covered in the Complaint; (iii) Fabry patients who have never received Fabrazyme; and (iv) spouses of Fabry patients. Compl., ¶¶ 1-23, 34. In each patient, Fabrazyme must be prescribed by a physician based on an individual diagnosis, *see* Compl., Ex. A.

[4] *See, e.g.*, Public Health Service Act, 42 U.S.C. § 262 *et seq.* (2010) (hereinafter, the "PHSA"); Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* (2010) (hereinafter, the "FDCA"); Orphan Drug Act, 21 U.S.C. § 360aa *et seq.* (2011) (hereinafter, "ODA").

Having failed in their claims once before the NIH, Plaintiffs have sought to advance those same claims again via this action, pleading them vaguely in an attempt to shoehorn them into causes of action that do not fit. At the same time, Plaintiffs are also simultaneously asking for the NIH to reconsider its previous decision.

This Motion addresses the core deficiencies in Plaintiffs' pleading that have been present since their original complaint, and which are not corrected by Plaintiffs' cosmetic changes in subsequent amended pleadings. In the current Complaint, Plaintiffs once again omit any allegation of specific injuries suffered by any named plaintiff, and vagueness pervades the allegations that are included. Accordingly, Plaintiffs again fail to meet the minimum pleading standards under Fed. R. Civ. P. 8(a) and therefore the Complaint fails in its entirety. *See infra*, Section I. In addition, despite Plaintiffs' attempts at obfuscation, virtually all of the individual claims for relief also fail in whole or in part on the independent grounds that they fail to state a claim, requiring dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *See infra*, Section II.

## I.     PLAINTIFFS' CLAIMS DO NOT MEET MINIMUM PLEADING STANDARDS

Plaintiffs' Complaint fails to meet minimum pleading standards under Fed. R. Civ. P. 8. Those standards require clear factual allegations that support the legal claims. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1939 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The Complaint fails at a fundamental level because the factual allegations do not link alleged actions of the Defendants to alleged injuries suffered by any named plaintiff. The Complaint, therefore, does not provide proper notice and leaves Defendants unable to prepare an appropriate defense. *See Twombly*, 550 U.S. at 555.

Plaintiffs' "Factual Background," in Paragraph 125 of the Complaint, describes the alleged injuries resulting from Defendants' supposed wrongdoing as follows:

> As a direct result of the Genzyme Rationing Plan and Genzyme's denial of access to drug, dilution of the dose of the drug, change in dosing schedules, and sale of adulterated drug, Fabry patients have had a return of symptoms, accelerated disease development, injury and otherwise preventable disease progression; or Fabry patients have died from these injuries.

This is so vague that it cannot even be said to allege whether Plaintiffs themselves have sustained any actual injury. Instead, it alleges that unidentified "Fabry patients" have been harmed in one of five alternative ways, and by one of four alternative—and impossibly concurrent—theories of causation. The current Complaint, as with both of its predecessors, leaves the details of Plaintiffs' injuries and their attended causation wholly to speculation.

This pleading defect repeats throughout the Complaint. For example, in alleging Count I (Negligence), Plaintiffs list injuries (in Paragraph 154) and attendant harms (in Paragraph 155) but refuse to assign any injury or harm to any identified plaintiff—despite the impossibility that all of these alleged injuries and harms (which include death) have been sustained by each plaintiff. Similarly, Counts VII, IX, X, XI, XV, and XVI, although each brought by a single named plaintiff, conspicuously fail to include any particularized allegations of injury. Indeed, the Complaint never alleges that *any* named plaintiff has suffered *any* particular injury because of *any* particular action of Defendants.[5]

This lack of specificity renders Plaintiffs' factual allegations speculative and requires dismissal of the Complaint. *See, e.g.*, *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 n.9 (8th Cir. 2009) (en banc) (dismissing claims that failed to specify "which action or actions allegedly apply

---

[5] The Complaint states that one plaintiff, Anita Bova, is in renal failure (¶ 140), but does not indicate when Ms. Bova developed this condition or allege any causal connection to the Defendants' alleged conduct. Although not necessary to this Motion, should Ms. Bova's claims survive, Genzyme expects to show that allegations that Genzyme "prohibited" Ms. Bova from receiving a transferred dose from plaintiff Anita Hochendoner (¶¶ 140-42) are contrary to Genzyme's actual position, as documented in Genzyme's public statements that such decisions were a matter for individual patients and their medical providers.

to which plaintiff or plaintiffs"); *Foran v. Stryker Sales Corp.*, No. 10-CV-12187-RGS, 2011 WL 652778, at *1 n.3 (D. Mass. Feb. 14, 2011) (dismissing complaint that failed "to supply basic background information such as . . . the specific nature of [plaintiff's] injuries or any medical treatment that she received."). *Cf. Zimmermann v. Epstein Becker & Green, P.C.*, No. 09-cv-30194-MAP, 2010 WL 2724001, at *5 (D. Mass. July 8, 2010) ("Without some supporting facts regarding the nature of Plaintiffs' individual harm and its relationship to the specific Defendants' . . . violations, the court must dismiss. . . .").

That the necessary facts are ones entirely within Plaintiffs' control makes their omission all the more telling. *See, e.g.*, *Pruell v. Caritas Christi*, No. 09-11466-GAO, 2010 WL 3789318, at *4 (D. Mass. Sept. 27, 2010) (noting that the plaintiffs could not sidestep pleading obligations, in part because relevant facts were within plaintiffs' possession); *Kester v. Zimmer Holdings, Inc.*, No. 2:10-cv-00523, 2010 WL 2696467, at *7-8 (W.D. Pa. June 16, 2010) (observing that plaintiff was the only party with access to medical information necessary to properly plead her cause of action). That the case is styled as a purported class action is no answer; no class has yet been certified and the complaint must stand or fall on the allegations of the named Plaintiffs. *See, e.g.*, *Pruell*, 2010 WL 3789318, at *4 (holding under *Twombly* and *Iqbal* that plaintiffs in a purported class action could not "avoid their pleading obligations by arguing that the class is too large to make pleading specific facts practical.").

Plaintiffs have had three chances to provide the necessary details concerning individualized harm, yet have stubbornly refused to add those facts, which are entirely within their control. The Supreme Court has directed that pleading deficiencies such as these should "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558. *See also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir.

2009) (noting dismissal is proper where minimum pleading standards are not met, and the "burden of discovery imposed . . . by implausible allegations perhaps intended merely to extort a settlement. . . ."). As such, this Court should use its authority to dismiss the Complaint in its entirety, and at this point should do so with prejudice.

## II.    EACH OF THE COMPLAINT'S COUNTS MUST BE DISMISSED, EITHER IN WHOLE OR IN PART, FOR FAILURE TO STATE A CLAIM AS A MATTER OF LAW

Plaintiffs also continue to advance claims that fail to state a cause of action as a matter of law. Most of these same defects were present in Plaintiffs' earlier pleadings, identified by Defendants in prior motions, and still have not been cured. Plaintiffs' insistence on advancing these invalid claims necessitates a detailed analysis of each cause of action, in many instances reviewing relevant law state by state.[6]

### A.    Four Plaintiffs' Claims Under Count I, Negligence, Fail as a Matter of Law

The claims under Count I, Negligence, of the plaintiffs alleged to reside in Michigan and Washington (*i.e.*, Tom Olszewski, Ricky Ladd, Amber Britton, and Shawn Britton) are statutorily foreclosed by the laws of these states.

Michigan law provides that, when a drug and its label are FDA−approved, a manufacturer has absolute immunity in all product liability actions, *see* Mich. Comp. Laws Ann. § 600.2946(5) (West 2011). Courts have repeatedly held that this immunity extends to common law negligence claims. *White v. SmithKline Beecham Corp.*, 538 F. Supp. 2d 1023, 1030 (W.D. Mich. 2008) (noting that "the statute extends the protection from suits broadly to a myriad of activities a

---

[6] Although this matter has now been transferred to the District of Massachusetts, Pennsylvania's choice of law rules still govern the parties' claims, *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990), and federal courts applying Pennsylvania choice of law rules have applied the law of a plaintiff's home state in cases involving alleged injury by prescription medications. *See, e.g.*, *Bearden v. Wyeth*, 482 F. Supp. 2d 614, 622 (E.D. Pa. 2006); *Wolfe v. McNeil-PPC, Inc.*, 703 F. Supp. 2d 487, 493-94 (E.D. Pa. 2010).

manufacturer might perform related to the product" and "extends well beyond negligence in manufacturing"); *Griffus v. Novartis Pharm. Corp.*, No. 06-10891, 2006 WL 2583129, at *2 (E.D. Mich. Sept. 6, 2006) ("Michigan Legislature has established an absolute defense to lawsuits" asserting "disguised product liability claims" for FDA-approved drugs). Fabrazyme is a prescription product with an FDA approved label, *see* Compl., Ex A., and therefore claims of negligence under Michigan law must be dismissed.

Similarly, claims of negligence under Washington law must be dismissed because the state of Washington has enacted a statutory scheme concerning product liability law that preempts all "traditional common law remedies for product-related harms." *Laisure-Radke v. Par Pharm., Inc.*, 426 F. Supp. 2d 1163, 1168 (W.D. Wash. 2006) (citing *Wash. Water Power Co. v. Graybar Elec. Co.*, 774 P.2d 1199 (Wash. 1989)).

**B.     Eight Plaintiffs' Claims Under Count II, Negligence *Per Se*, Fail as a Matter of Law**

As a matter of law, the claims of plaintiffs Anita Hochendoner, Anita Bova, Joseph M. Carik, George Demko, Michael Masula, Tom Stanziano, Steve Namnath, and David Roberts must be dismissed from Count II because the Complaint fails to state a cause of action for negligence *per se* under the laws of the states where they are alleged to reside——*i.e.*, Pennsylvania, Nevada, Florida, California, and North Carolina.[7]

Neither Pennsylvania nor California recognizes negligence *per se* as an action independent of negligence. *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 193 F.3d 781, 790-92 (3d Cir. 1999) (applying Pennsylvania law); *Ramsey v. Summers*, No. 10-CV-00829,

_____

[7] The First Amended Complaint removed plaintiffs hailing from Michigan and Washington from Count II, evidencing Plaintiffs' acknowledgment that that the state law of each plaintiff's home state governs his/her respective claims, and that the laws of Michigan and Washington do not permit plaintiffs from those states to join in Count II.

2011 WL 811024, at *2 (W.D. Pa. Mar. 1, 2011); *Spencer v. DHI Mortg. Co.*, 642 F. Supp. 2d 1153, 1162 (E.D. Cal. 2009) ("[T]he negligence per se doctrine does not establish a cause of action distinct from negligence [under California law]"); *People v. Kinder Morgan Energy Partners, L.P.*, 569 F. Supp. 2d 1073, 1087 (S.D. Cal. 2008) ("[T]o apply negligence *per se* is not to state an independent cause of action [under California law].") (quoting *Quiroz v. Seventh Ave. Ctr.*, 45 Cal. Rptr. 3d 222, 224 (2006)).

The laws of Nevada, Florida, and North Carolina do not permit plaintiffs to pursue negligence *per se* claims predicated on either the FDCA or the Bayh-Dole Act. Applying Nevada law, the District of Nevada ruled that a negligence *per se* claim predicated on a violation of the FDCA failed as a matter of law, using reasoning that applies with equal force to a claim premised on the Bayh-Dole Act. *See Miller v. DePuy Spine, Inc.* 638 F. Supp. 2d 1226, 1231 (D. Nev. 2009). Similarly, in suits involving both Florida and North Carolina law, federal courts have dismissed negligence *per se* claims based upon the FDCA; the decisions of these courts also demonstrate that a claim in each of those states for a violation of the Bayh-Dole Act would necessarily fail. *Rounds v. Genzyme Corp*, No. 8:10-cv-2479-T-23TBM, 2010 WL 5297180, at *3 (M.D. Fla. Dec. 20, 2010) (finding that because "the FDCA strongly evidences legislative intent to prohibit a private right of action for a violation of either the FDCA or the FDA's implementing regulations," "[a] [p]laintiff cannot use a negligence *per se* claim to create a private cause of action for [a][d]efendant's alleged violations of the FDCA") (citing *Blinn v. Smith & Nephew Richards, Inc.*, 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999); *Pantages v. Cardinal Health 200, Inc.*, No. 5:08-cv-116-Oc-10GRJ, 2009 WL 2244539, at *2 (M.D. Fla. July 27, 2009) ("Under Florida law the violation of a federal regulation does not create civil liability based upon a theory of negligence *per se* in the absence 'of a legislative intent to create a private

cause of action.'") (citing *Blinn*, 55 F. Supp. 2d at 1361); *Baraukas v. Danek Med., Inc.*, No. 6:97-CV-00613, 2000 WL 223508, at *4 (M.D.N.C. Jan. 13, 2000); *Hill v. Danek Med., Inc.*, No. 4:96-CV-177-H1, 1998 WL 1048182, at *3 (E.D.N.C. Sept. 10, 1998).[8]

### C. The Claims of Five Plaintiffs Under Count III, Strict Liability, Fail as a Matter of Law

Count III of the Complaint fails to state a claim under the laws of Pennsylvania and Delaware. As such, the claims under that count by individuals alleged to be residents of those states (*i.e.*, Anita Hochendoner, Anita Bova, George Demko, Michael Masula, and Kyle Willink) must be dismissed as a matter of law.[9]

Pennsylvania courts have ruled that strict liability is precluded for product liability actions involving prescription medications. *See Parkinson v. Guidant Corp.*, 315 F. Supp. 2d 741, 747-48 (W.D. Pa. 2004) (citing *Hahn v. Richter*, 673 A.2d 888, 890-91 (Pa. 1996)).[10]

Delaware does not recognize the doctrine of strict product liability. *Barlow v. Delhaize Grp.*, C.A. No. 08-565-MPT, 2009 WL 1391413, at *7 (D. Del. May 15, 2009) ("[B]y enacting the [Uniform Commercial Code], the Delaware legislature intended 'to preclude the adoption of

---

[8]  Also, the Bayh-Dole Act does not qualify as a "public safety statute" that prescribes an enforceable standard of care, a prerequisite for negligence *per se* actions in North Carolina. *See, e.g.*, *Mosteller v. Duke Energy Corp.*, 698 S.E.2d 424, 431-32 (N.C. Ct. App. 2010).

[9] The First Amended Complaint removed plaintiffs hailing from Michigan, North Carolina and Washington from Count III, evidencing Plaintiffs' acknowledgment that that the state law of each plaintiff's home state governs his/her respective claims, and that the laws of Michigan, North Carolina, and Washington do not permit plaintiffs from those states to join in Count III.

[10] The Complaint offers no basis to depart from such a common law rule. Furthermore, the principles of *Erie* militate against groundbreaking extensions of state common law by federal courts, particularly when the effect is to impose greater liability. *See, e.g.*, *Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 402 (1st Cir. 2005) ("A federal court sitting in diversity cannot be expected to create new doctrines expanding state law."); *see also Home Valu, Inc. v. Pep Boys*, 213 F.3d 960, 963 (7th Cir. 2000) ("When we are faced with two opposing and equally plausible interpretations of state law, we generally choose the narrower interpretation which restricts liability") (internal quotation omitted).

the doctrine of strict tort liability and preempt the field of sales via the Code.'") (citing *Cline v. Prowler Indus. of Md., Inc.*, 418 A.2d 968, 978, 980 (Del. 1980)).

### D. Claims Under Count IV for Breach of Express and Implied Warranties Fail as a Matter Of Law

#### 1. No Express Warranty Claim Is Properly Alleged.

The Complaint does not state a claim for breach of express warranty under the laws of the states of any named plaintiff, and therefore the express warranty claims advanced under Count IV fail as a matter of law.

The supposed express warranty alluded to in Paragraph 165(m) of the Complaint is not supported by the requisite factual allegations concerning when, where, in what manner, and to whom such a warranty purportedly was made. Mere conclusory assertions that a defendant made an express warranty are manifestly insufficient under the laws of the potentially relevant jurisdictions.[11]

The two additional allegations regarding purported express warranties, *see* Compl., ¶ 165(a)-(b), merely point to statements in the Fabrazyme product insert. This is insufficient to properly state an express warranty claim. *See, e.g.*, *Heisner ex rel. Heisner v. Genzyme Corp.*,

---

[11] *See Kester*, 2010 WL 2696467, at *10 ("[U]nder the standard enunciated in *Twombly*, a plaintiff cannot make a conclusory recitation of the elements of a cause of action and assume that it is sufficient to establish the existence of an express warranty," and the claim therefore fails under Pennsylvania law). *Accord Harbour Point Homeowners' Ass'n v. DJF Enters., Inc.*, 697 S.E.2d 439, 447 (N.C. Ct. App. 2010) (North Carolina law); *Miller*, 638 F. Supp. 2d at 1229-30 (Nevada law); *Heritage Res., Inc. v. Caterpillar Fin. Servs. Corp.*, 774 N.W.2d 332, 342 n.11 (Mich. Ct. App. 2009) (Michigan law); *Kelley v. Jacobs*, No. 21953-1-II, 1999 WL 305232, at *5 (Wash. Ct. App. May 14, 1999) (Washington law); *Guinan v. A.I. duPont Hosp. for Children*, 597 F. Supp. 2d 485, 509-10 (E.D. Pa. 2009), *aff'd in part and rev'd in part on other grounds sub nom.*, *M.G. ex rel. K.G. v. A.I. duPont Hosp. for Children*, 393 F. App'x. 884 (3d Cir. 2010) (Delaware law); *Baker v. APP Pharm., LLC*, No. 09-05725 (JAP), 2010 WL 4941454, at *4 (D.N.J. Nov. 30, 2010) (New Jersey law); *Birdsong v. Apple, Inc.*, No. C-06-02280 JW, 2008 WL 7359917, at *3 (N.D. Cal. June 13, 2008) (California law); *Borchardt v. Mako Marine Int'l, Inc.*, No. 08-61199-CIV, 2009 WL 3856678, at *4 (S.D. Fla. Nov. 17, 2009) (Florida law).

No. 08-C-593, 2008 WL 2940811, at *9 (N.D. Ill. July 25, 2008) (holding that plaintiff who referenced product insert as source of alleged warranty "has offered nothing more than a formulaic recitation of the elements required to prevail on a claim and has alleged no facts at all that suggest an express warranty existed . . . This seems to be precisely the type of claim that is too indefinite to meet the *Twombly* standard.").

Moreover, requirements to state a valid express warranty claim under the laws of particular states also are not met and form an independent basis on which Count IV must be dismissed as to certain plaintiffs:

- Under Michigan law, applicable to plaintiffs Thomas Olszewski and Ricky Ladd, "a drug is not defective or unreasonably dangerous, and the manufacturer or seller is not liable" as long as the drug and its labeling have been approved by the FDA and such approval was not fraudulently obtained. Mich. Comp. Laws Ann. § 600.2946(5); *Taylor v. SmithKline Beecham Corp.*, 658 N.W.2d 127, 130 (Mich. 2003). This immunity applies to all product liability claims, including breach of warranty. *See White*, 538 F. Supp. 2d at 1027. Here, the FDA "granted approval for Genzyme to market Fabrazyme® for treatment of Fabry patients" in April 2003. Compl., ¶ 42.

- Under Washington law, applicable to plaintiffs Shawn Britton and Amber Britton, any alleged warranties could not have been "part of the basis of the bargain," as required by Wash. Rev. Code 7.72.030(2)(b). The Complaint concedes the Brittons did not receive Fabrazyme until March 2011, ¶ 81—*i.e.*, after they filed the original Complaint, which alleged breaches of the same warranties. Since the Brittons purportedly believed Defendants were in breach of the supposed warranties at the time they first obtained Fabrazyme, the warranties could not have been part of the basis of their bargain with Genzyme. *See Reece v. Good Samaritan Hosp.*, 953 P.2d 117, 123 (Wash. Ct. App. 1998) (plaintiff must show reliance on express warranty).[12]

- Under Pennsylvania law, applicable to plaintiffs Anita Hochendoner, Anita Bova, George Demko, and Michael Masula, the claim fails because they did not provide the required notice to Defendants of their alleged breach of warranties before filing suit. *See, e.g., Am. Fed'n of State Cnty. & Mun. Emps. v. Ortho-McNeil-*

---

[12] The Brittons' claims for breach of implied warranty fail for essentially the same reason, as no warranty could have been the proximate cause of their injuries, as required by Wash. Rev. Code 7.72.030(2). *Cf. Frye v. Biro Mfg. Co.*, No. C10-0192-JCC, 2011 WL 1362537, at *2 (W.D. Wash. Apr. 11, 2011) (applying proximate causation analysis to deny failure to warn claims).

*Janssen Pharm., Inc.*, No. 08-cv-5904, 2010 WL 891150, at *7 (E.D. Pa. Mar. 11, 2010).

## 2. Ten Plaintiffs' Claims for Breach of Implied Warranty Fail Under Their Respective State Laws.

The implied warranty claims, when examined under the relevant state laws, fail as to the majority of Plaintiffs. Michigan law, applicable to plaintiffs Thomas Olszewski and Ricky Ladd, grants absolute immunity to drug manufacturers in all product liability actions, to include claims for breaches of implied warranty. *See* Mich. Comp. Laws Ann. § 600.2946(5); *Griffus*, 2006 WL 2583129, at *1-2.

Pennsylvania law, applicable to plaintiffs Anita Hochendoner, Anita Bova, George Demko, and Michael Masula, similarly bars claims for breach of implied warranty regarding prescription medications. *See Makripodis v. Merrell-Dow Pharm., Inc.*, 523 A.2d 374, 377 (Pa. Super. Ct. 1987) (finding that "the very nature of prescription drugs themselves precludes" claims for breach of the implied warranty of merchantability).[13]

The laws of Florida and Washington, applicable to plaintiff Tom Stanziano and plaintiffs Amber Britton and Shawn Britton, respectively, require contractual privity between the parties.[14] That requirement is not met here, where Plaintiffs do not allege they purchased Fabrazyme directly from Defendants (and, indeed, could not have done so).

---

[13] *See also Kester*, 2010 WL 2696467, at *11; *Soufflas v. Zimmer, Inc.,* 474 F. Supp. 2d 737, 751-52 (E.D. Pa. 2007) (finding that both the implied warranties of merchantability and fitness do not apply to prescription drugs.); *Parkinson*, 315 F. Supp. 2d at 752-53.

[14] *See Cruz v. Mylan, Inc*., No. 8:09-cv-1106-T17-EAJ, 2010 WL 598688, at *2 (M.D. Fla. Feb. 17, 2010); *Baker v. Danek Med.*, 35 F. Supp. 2d 875, 878 (N.D. Fla. 1998) ("Florida courts have required privity between the manufacturer and the consumer of the product in order for the consumer to assert an implied warranty claim."); *Tex Enters., Inc. v. Brockway Std., Inc.*, 66 P.3d 625, 629 (Wash. 2003) ( "[T]he plain meaning of th[e] statutory language forecloses application of implied warranties where there is no underlying contract to which the purchaser is a party or an intended third-party beneficiary.").

New Jersey law, applicable to plaintiff Lee DeAngelis, precludes a claim for breach of implied warranty separate from the New Jersey Products Liability Act. *See Cornett v. Johnson & Johnson*, 998 A.2d 543, 566 (N.J. Super. Ct. App. Div. 2010) (noting that New Jersey's preclusion of breach of implied warranty "as a viable separate claim" is "definitive") (citation omitted).

### E. The Bayh-Dole Act Does Not Establish an Implied Right of Action

Count V purports to advance an implied cause of action under the Bayh-Dole Act. However, courts across the country have concluded when considering that Act that no such cause of action exists. *See, e.g.*, *Fenner Invs., Ltd. v. Hewlett-Packard Co.*, No. 6:08-CV-273, 2010 WL 3275758, at *4 (E.D. Tex Apr. 15, 2010); *Madey v. Duke Univ.*, 413 F. Supp. 2d. 601, 613 (M.D.N.C. 2006); *Ciba-Geigy Corp. v. Alza Corp.*, 804 F. Supp. 614, 629 (D.N.J. 1992).

In evaluating a federal statute to determine whether an implied cause of action exists, the Supreme Court looks to both the statutory language itself and the accompanying legislative history to determine whether Congress intended to create a private cause of action. *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 13 (1981). Nothing in either the Bayh-Dole Act or its legislative history suggests that such a right of action was intended. The Act regulates "the relationship between the Government and its funding recipients, ***not*** the relationships between private third parties." *Madey*, 413 F. Supp. 2d. at 613 (emphasis added).

Moreover, the Bayh-Dole Act provides an express remedy (*i.e.*, the "march-in" right) precisely aimed at the alleged harm that plaintiffs claim entitles them to an implied remedy. 35 U.S.C. § 203. Existence of an express remedy demonstrates that Congress did not intend to create an implied cause of action under the same statute. *Middlesex Cnty. Sewerage Auth.*, 453 U.S. at 13. *See also Astra USA, Inc. v. Santa Clara Cnty.*, 131 S. Ct. 1342, 1343 (2011). Several named plaintiffs already exercised their express right under the Act; their request was denied,

although those plaintiffs have requested reconsideration. Compl., ¶¶ 121-23. Nothing suggests Congress intended to create an implied cause of action permitting another attempt to enforce the statute privately; Count V must be dismissed.

### F. Counts Alleging Statutory Violations of State Consumer Protection Statutes Fail as a Matter of Law

Plaintiffs also advance a series of claims under state consumer protection statutes, which, in addition to being impermissibly vague, also fail in nearly every instance to state a viable claim under the relevant state laws. Plaintiffs compound this defect by adding claims for either punitive or multiple damage awards that are not supported by the governing state law, and which must be struck to the extent any of these counts survive. *See, e.g.*, *McElroy v. City of Lowell*, 741 F. Supp. 2d 349, 356-57 (D. Mass. 2010) (dismissing, pursuant to Fed. R. Civ. P. 12(b)(6), damage claims that failed as a matter of law).

#### 1. Count VI Fails to State a Claim Under Pennsylvania Law.

Count VI fails as a matter of law because, as a bright line rule of Pennsylvania law, a prescribing physician breaks the chain of justifiable reliance and causation required for a successful action under the Pennsylvania Unfair Trade Practices Consumer Protection Law ("UTPCPL"). *See Kester*, 2010 WL 2696467, at *14 ("Under Pennsylvania [law], a plaintiff does not have a viable UTPCPL cause of action against a manufacturer of prescription drugs."); *Zafarana v. Pfizer Inc.*, 724 F. Supp. 2d 545, 558 (E.D. Pa. 2010). Fabrazyme is a prescription biological treatment. *See* Compl., Ex. A.

#### 2. Counts VII and VIII Fail Under Nevada and Michigan Law, Respectively.

Counts VII and VIII must be dismissed because neither the Nevada Deceptive Trade Practices Act ("NDTPA") nor the Michigan Consumer Protection Act ("MCPA") applies to

conduct regulated by state or federal law.  *See* Nev. Rev. Stat. Ann. § 598.0955 (West 2011)[15]; Mich. Comp. Laws Ann. § 445.904(1)(a) (West 2011).[16]  The manufacture, sale, and use of Fabrazyme, as a biologics product, are regulated under federal law.  *See, e.g.*, 42 U.S.C. § 262 *et seq.* (2010), 21 U.S.C. § 301 *et seq.* (2010), 21 U.S.C. § 360aa *et seq.* (2010), and 21 C.F.R § 316 (2011).  Plaintiffs' claims under Nevada and Michigan state consumer protection laws are therefore foreclosed as a matter of law.

In addition, the treble damages sought by Count VIII are not permitted by the Michigan Consumer Protection Act. *See* Mich. Comp. Laws Ann. § 445.911 (West 2011).

### 3.    Count X Fails Under North Carolina Law.

Count X purports to plead a claim under the North Carolina Unfair and Deceptive Trade Practice Act ("NCUDTPA").  To state a viable claim at the pleading stage under the NCUDTPA, plaintiffs must allege "*egregious* or *aggravating* circumstances." *See Dalton v. Camp,* 548 S.E.2d 704, 711 (N.C. 2001) (citing *Allied Distribs., Inc. v. Latrobe Brewing Co.,* 847 F. Supp. 376, 379 (E.D.N.C. 1993)).  Because the manufacture, use and sale of Fabrazyme are regulated by federal law, *supra* II.F.2, Plaintiffs cannot plead the "*egregious* or *aggravating* circumstances" required, a concept that courts applying North Carolina law have recognized. *See, e.g.*, *Harrah v. J.C. Bradford & Co.*, No. 93-2458, 1994 WL 543528, at *3 (4th Cir. Oct. 6, 1994) (finding that NCUDTPA does not apply to securities transactions regulated under both

---

[15]  "The provisions of NRS 598.0903 to 598.0999, inclusive, do not apply to:  (a) Conduct in compliance with the orders or rules of, or a statute administered by, a federal, state or local governmental agency."  Nev. Rev. Stat. Ann. § 598.0955.

[16]  *See also McLiechey v. Bristol W. Ins. Co.*, 408 F. Supp. 2d 516, 523 (W.D. Mich. 2006) (citing *Smith v. Globe Life Ins. Co.*, 597 N.W.2d. 28, 38 (Mich. 1999)); *Duronio v. Merck & Co.*, No. 267003, 2006 WL 1628516, at *7 (Mich. Ct. App. June 13, 2006); *Peter v. Stryker Orthopaedics, Inc.*, 581 F. Supp. 2d 813, 816 (E.D. Mich. 2008); *Kemp v. Pfizer, Inc.*, 835 F. Supp. 1015, 1021 (E.D. Mich. 1993).

state and federal law); *Ross v. FDIC*, 625 F.3d 808, 812 (4th Cir. 2010) (NCUDPTA does not apply to matters regulated by the Fair Credit Reporting Act).

### 4. Count XI Fails Under Florida Law.

Count XI fails because the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") does not apply to a "claim for personal injury or death." Fla. Stat. § 501.212(3) (2008). *See also Fields v. Mylan Pharm., Inc.*, 751 F. Supp. 2d 1257, 1259 (N.D. Fla. 2009) (dismissing plaintiff's FDUPTA claim because he sought damages for personal injuries); *T.W.M. v. Am. Med. Sys., Inc*., 886 F. Supp. 842, 844 (N.D. Fla. 1995) (same).

### 5. Count XII Fails Under Washington Law.

Count XII fails under Washington law because that state's statutory scheme addressing deceptive trade practices expressly permits suits *only* by "[a]ny person who is injured in his or her business or property . . . to recover the actual damages sustained by him or her." Wash. Rev. Code 19.86.090. Washington courts have interpreted this language to prohibit recovery of damages for alleged physical injuries. *Ambach v. French*, 216 P.3d 405, 409 (Wash. 2009); *Stevens v. Hyde Athletic Indus., Inc.*, 773 P.2d 871, 873 (Wash. Ct. App. 1989); *Nw. Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc.*, 58 F. Supp. 2d 1211, 1215 (W.D. Wash. 1999).

### 6. Count XIII Fails Under Washington Law.

Count XIII for violations of the Washington Product Liability Act formulaically recites the totality of Plaintiffs' allegations generally. *See* Compl., ¶ 201 a. through cc. But the statute recognizes only claims for failure to warn, design defects, manufacturing defects and breach of warranty. *See* Wash. Rev. Code 7.72.030; 16 Wash. Prac., Tort Law & Prac. § 16.11 (3d ed. 2011). None of Plaintiffs' allegations can be colorably described as alleging a "design defect." The Washington plaintiffs' claims for breach of warranty are not cognizable, *see supra*, II.D.

And, to the extent that their claims can be categorized as alleging either a manufacturing defect or a failure to warn, such claims also are foreclosed as to the Washington plaintiffs who assert Count XIII, Amber and Shawn Britton, based on the facts alleged.

Specifically, in the original complaint, plaintiffs Amber and Shawn Britton alleged they had been denied access to Fabrazyme. Original Compl., ¶ 44. The current Complaint alleges that, as of March 2011, both Amber and Shawn Britton began to receive Fabrazyme. Compl., ¶ 81. Given that timing, they could not have been impacted by the only supposed "manufacturing defect" alleged, which is with respect to Fabrazyme produced in November 2009——some eighteen months before they received their first dose. *Id.* at ¶ 54. Under Washington law, any claim based on an alleged failure to warn is barred when a plaintiff, as here, has actual knowledge of the alleged risks posed by the product in question; such knowledge breaks the chain of proximate causation. *See, e.g.*, *Frye*, 2011 WL 1362537, at *2; *Baughn v. Honda Motor Co.*, 727 P.2d 655, 664-65 (Wash. 1986).

Furthermore, the punitive damages sought by Count XIII are invalid as a matter of Washington law. Punitive or exemplary damages are not generally available in Washington state, unless explicitly provided for by statute, *see McKee v. AT&T Corp.*, 191 P.3d 845, 860 (Wash. 2008), and the Washington Product Liability Act does not so provide. *See* Wash. Rev. Code § 7.72.010-7.72.070 (2011).

### 7. Count XIV Fails Under Michigan Law.

Count XIV, which is asserted under Michigan product liability law, fails, as the governing statute states "a drug is not defective or unreasonably dangerous, and the manufacturer or seller is not liable" as long as the drug and its labeling have been approved by the FDA, and such approval was not fraudulently obtained. Mich. Comp. Laws Ann. § 600.2946(5). Plaintiffs affirmatively plead that FDA approval for Fabrazyme and its label was obtained, and do not

allege that it was done so fraudulently. Compl., ¶¶ 42-43. *See Taylor*, 658 N.W.2d at 131; *Johnson v. Chrysler Corp.*, 254 N.W.2d 569, 571 (Mich. Ct. App. 1977); *White*, 538 F. Supp. 2d at 1026, 1031. *See also supra*, II.A, II.D (citing authority for proposition that a drug that has obtained FDA approval cannot be the basis for a product liability action in Michigan).

In addition, the punitive damages sought by Count XIV are not available under Michigan Law. *See McAuley v. Gen. Motors Corp.*, 578 N.W.2d 282, 285 (Mich. 1998), *overruled in part on other grounds*, 578 N.W.2d 282 (Mich. 1998) ("It is well established that generally only compensatory damages are available in Michigan and that punitive sanctions may not be imposed").

### 8. Count XV Fails Under California Law.

California law limits remedies under Cal. Bus. & Prof. Code § 17200 to equitable relief. *See, e.g.*, *In re Vioxx Class Cases*, 103 Cal. Rptr. 3d 83, 95-96 (Cal. Ct. App. 2009). As Count XV seeks only money damages, it must be dismissed as a matter of law.

### G. Count XVII Fails As A Matter Of New York Law

Count XVII is a count in which Plaintiffs purportedly seek to enforce, as a non-party, a contractual provision in a patent license. The patent license is governed by New York law and Count XVII fails under the law of that state for two independent reasons. First, the Plaintiffs do not qualify as a third-party beneficiary under New York law. Second, the clause Plaintiffs seek to "enforce" is a non-operative recital clause.

A plain reading of the patent license quoted by Plaintiffs demonstrates that the parties to that agreement did not intend to give Plaintiffs the benefit of any performance promised therein, and Plaintiffs therefore lack standing to enforce that agreement. *See Godlewska v. HDA*, No. CV-03-3985, 2006 WL 1422410, at *12 (E.D.N.Y. May 18, 2006); 22 N.Y. Jur. 2d Contracts § 313 (2d ed. 2011). The single recital clause upon which Plaintiffs rely states that the parties to the

patent license planned through that agreement "to have recombinant x-galactosidase A developed and made available for general use to patients for the treatment of Fabry Disease." This reflects, at most, acknowledgment of an incidental public benefit that may be furthered by the agreement. New York courts have consistently deemed such language insufficient to confer third-party beneficiary status. *See, e.g.*, *Branch v. Riverside Park Cmty. LLC*, 899 N.Y.S.2d 57, 2009 WL 2252386, at *2, *7 (N.Y. Sup. Ct. July 10, 2009), *aff'd* 903 N.Y.S.2d 390 (N.Y. App Div. 2010) (holding that low-income tenants did not become third-party beneficiaries to lease "merely because the parties to the lease intended to generate some public benefit and purpose," and noting that "the noble goal of attempting to increase availability of lower and middle income housing…is not to be confused with a private right vested in certain tenants who happen to enjoy the advantages of that public purpose."); *Einhorn v. Seeley*, 525 N.Y.S.2d 212, 214 (N.Y. App. Div. 1988) (rejecting notion that a "'manufacturer of goods, who enters upon the performance of his contract, must answer … not only to the buyer, but to those who to his knowledge are looking to the buyer for their own sources of supply.'") (quoting *H.R. Moch Co. v. Rensselaer Water Co.*, 159 N.E. 896, 899 (N.Y. 1928)).[17]

Plaintiffs' claims also fail on the independent basis that New York courts have uniformly held that such a recital clause is not enforceable in a breach of contract action. Such clauses "cannot be used to modify or create substantive rights not found in the contract's operative clauses." *RSL Commc'ns, PLC v. Bildirici*, No. 04 Civ. 5217(RJS), 2010 WL 846551, at *4 (S.D.N.Y. Mar. 5, 2010). As Plaintiffs implicitly acknowledge, no operative clause in the license

---

[17] *See also Kornblut v. Chevron Oil Co.*, 407 N.Y.S.2d 498, 502 (N.Y. App. Div. 1978); *Buckley v. I.B.I. Sec. Serv., Inc.*, 549 N.Y.S.2d 744 (N.Y. App. Div. 1990); *Godlewska*, 2006 WL 1422410, at *13 (the fact that the choice of law, consent to jurisdiction, and venue clauses contemplated only actions between the parties further weighed against finding intent to benefit third parties).

agreement vests any benefit in any third party. *See Coalition of 9/11 Families, Inc. v. Rampe*, No. 04-civ-6941(JSR), 2005 WL 323747, at *2 (S.D.N.Y. Feb. 8, 2005) ("Although some prefatory 'whereas' clauses in the Programmatic Agreement mention the valuable and important role of the [purported third party beneficiary] consulting parties, such cosmetic references do not confer rights on the consulting parties to enforce the Agreement.").[18]

For each of these independent reasons, Count XVII should be dismissed in its entirety.

## H.  Count XVIII Fails Because No Underlying Counts Survive to Support an Action for Loss of Consortium

Count XVIII, Loss of Consortium, fails because it cannot survive without the underlying counts to support it.[19]  These conclusory loss of consortium claims also offer a further example of Plaintiffs' insufficient pleading.  *See, e.g.*, *Breeser v. Menta Grp., Inc.*, No. 2:10-CV-01592-PHX-JAT, 2011 WL 1465523, at *9 (D. Ariz. Apr. 18, 2011) ("Plaintiffs also fail to allege any facts supporting the claimed deprivation of 'love and affection, society, companionship, and support' suffered by [husband].  Thus, Plaintiffs' allegations pertaining to [husband]'s alleged loss of consortium are conclusory, offering no grounds on which this claim rests, and fall short of the pleading standard set out in *Twombly*.") (citation omitted).

---

[18] *See also Grand Manor Health Related Facility, Inc. v. Hamilton Equities Inc.*, 885 N.Y.S.2d 255, 256 (N.Y. App. Div. 2009) ("'whereas' clause of the stipulation…cannot create any right beyond those arising from the operative terms of the document"); *Trump Vill. Section 3, Inc. v. N.Y. State Housing Fin. Agency*, 739 N.Y.S.2d 37, 38 (N.Y. App. Div. 2002) ( recital clause "evincing a goal of addressing plaintiff's long-term problems" did not impose any contractual obligations "beyond those specifically set forth in the contract."); *Ross v. Ross*, 253 N.Y.S. 871, 882 (N.Y. App. Div. 1931).

[19] This concept is broadly recognized.  *See, e.g.*, *Schroeder v. Ear, Nose & Throat Assocs., Inc.*, 557 A.2d 21, 22 (Pa. Super. Ct. 1989) ("Any action for loss of consortium is derivative, depending for its viability upon the substantive merit of the injured party's claims."); *Long v. Chelsea Cmty. Hosp.*, 557 N.W.2d 157, 162 (Mich. Ct. App. 1996), *abrogated on other grounds by Feyz v. Mercy Mem. Hosp.*, 719 N.W.2d 1 (Mich. 2006); *Francom v. Costco Wholesale Corp.*, 991 P.2d 1182, 1195 (Wash. Ct. App. 2000); *Jaffe v. Snow*, 610 So.2d 482, 488 (Fla. Dist. Ct. App. 1992); *LeFiell Mfg. Co. v. Superior Court*, 122 Cal. Rptr. 3d 841, 849 (Cal. Ct. App. 2011); *Cornett*, 998 A.2d at 567.

## CONCLUSION

For the reasons set forth above, the Complaint must be DISMISSED on the grounds that it has been insufficiently pled and that the majority of claims fail as a matter of law.  Because this is Plaintiffs' third attempt at pleading a viable complaint and they have failed to do so, it is also requested that the complaint be dismissed WITH PREJUDICE.

Respectfully submitted,

By: /s/ Joan A. Lukey

Dated:  July 22, 2011

Joan A. Lukey  (BBO# 305340)
Catherine A. Mondell  (BBO# 639605)
Timothy J. Wyse  (BBO# 667514)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Telephone:  (617) 951-7000
Fax:  (617) 951-7050
joan.lukey@ropesgray.com
catherine.mondell@ropesgray.com
timothy.wyse@ropesgray.com

Attorneys for Defendant,
GENZYME CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 22nd day of July, 2011.

/s/ Timothy J. Wyse
Timothy J. Wyse