# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANITA HOCHENDONER; EARL HOCHENDONER; ANITA BOVA; JOSEPH M. CARIK; BARBARA J. CARIK; GEORGE DEMKO; MICHAEL MASULA; ERIN MASULA; AMBER BRITTON; SHAWN BRITTON; CHERYL BRITTON; THOMAS OLSZEWSKI; DARLENE COOKINGHAM; KYLE WILLINK; TOM STANZIANO; WENDY STANZIANO; RICKY LADD; STACY LADD; STEVE NAMNATH; HEIDI WITTENBERG; LEE DEANGELIS; KATHY DEANGELIS and DAVID ROBERTS, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GENZYME CORPORATION and MOUNT SINAI SCHOOL OF MEDICINE OF THE CITY UNIVERSITY OF NEW YORK, <br><br> Defendants. | Civil Action No. 1:11-cv-10739-DPW <br><br> **Leave to File Granted on** _____ |

### [PROPOSED] SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS

Since the last hearing in this case on September 28, 2011, an event has occurred that Defendants believe bears upon the pending jurisdictional issue. Defendants therefore submit this brief Supplemental Memorandum to bring that event to the attention of the Court.

*The Newly-Filed Overlapping Action*

On February 17, 2012, five of the plaintiffs in this action (the "Overlapping Plaintiffs") joined seven other identified plaintiffs[1] in filing an action in the United States District Court for the District of Columbia (the "Overlapping Action") entitled *Carik et al. v. U.S. Dep't of Health*

---

[1] The Overlapping Plaintiffs are Joseph Carik, George Demko, Michael Masula, Thomas Olszewski, and Tom Stanziano. Plaintiffs' putative class, however, would presumably include the other named plaintiffs in the Overlapping Action, as well as the thirteen "John/Jane Doe" plaintiffs involved in that case.

1

*and Human Servs. et al.*, Docket No. 12-cv-00272-BAH. *See* Defs.' Mot. for Leave, Exhibit A (the "*Carik* Compl."). When compared to this action, the Overlapping Action involves: (a) overlapping plaintiffs; (b) an extensive overlap in factual allegations; (c) several of the same causes of action; (d) the same out-of-state plaintiffs' co-counsel, to wit, C. Allen Black, Jr.; and (e) prayers for non-monetary relief sufficiently similar that, if successful, could affect or moot many of the pending claims. The Overlapping Action names Mount Sinai School of Medicine ("Mt. Sinai") in a claim focused on the validity, enforceability, and constitutionality of the patent at issue in this action, and does not name Genzyme Corporation ("Genzyme") – the patent licensee – as a party at all.[2]

*Background*

Plaintiffs' twice-amended putative class action complaint presently pending in this Court (the "Action") asserts 18 separate counts based on allegations related to the manufacturing shortage of the biologic treatment Fabrazyme and the steps Genzyme took in response to the shortage. *See, e.g.*, 2d. Am. Compl. [Docket No. 29] ¶¶ 35-144, 152-227. Plaintiffs allege that Genzyme's conduct violated the statutory requirements of the Food, Drug, and Cosmetic Act ("FDCA") and the Bayh-Dole Act, as well as numerous common law and state causes of action. *See, e.g.*, *id*. ¶¶ 157, 169. Much the same set of claims was previously, and unsuccessfully, filed as a march-in petition before the National Institutes of Health ("NIH"), which is now the subject of a petition for rehearing, as well as filed as a Citizen Petition with the Food & Drug

---

[2] Nonetheless, Genzyme is named many times in the factual allegations and would be directly affected by the relief sought against "FDA licensees." Instead of suing the licensees whose rights Plaintiffs wish to override, they sue several regulatory agencies in claims that might be compared to mandamus actions to force the agencies to strip the licensees of their rights under various patents and Food & Drug Administration approvals. In addition, Mt. Sinai – who is named in the *Carik* complaint as to Count III – has moved to dismiss for lack of personal jurisdiction and, strictly in the alternative, for the Overlapping Plaintiffs' failure to state a claim.

2

Administration ("FDA"), which has not reached a final determination. *See* 2d. Am. Compl. ¶¶ 121-23; *Carik* Compl. ¶¶ 310, 342-45.

With the latter petitions pending, as well as this Action, the Overlapping Plaintiffs have opened an additional front in yet another forum based on the very same allegations, *i.e.*, the Overlapping Action. Though the complaint in the Overlapping Action challenges the conduct of "FDA licensees" – and strategically omits Genzyme as a named defendant – the bulk of the allegations regarding the FDA licensees relate to the same conduct challenged here. *See Carik* Compl. ¶¶ 221-375. In fact, the *Carik* complaint includes a number of paragraphs that appear to have been cut and pasted, in whole or in significant part, from the complaint in this action. *See id*. (annotated to show overlapping paragraphs). Moreover, the Overlapping Plaintiffs ask the United States District Court for the District of Columbia to adjudicate the central and common issues of whether Genzyme's conduct was authorized by the FDCA and the Bayh-Dole Act – all without Genzyme's participation. *See id*. ¶¶ 441.c, 443, 461-64, 470.

### *Relationship Between the Pending Jurisdictional Issue and the Overlapping Action*

At the last hearing in this Action, Defendants asked this Court to retain jurisdiction and reach the merits of Defendants' motions to dismiss, despite an apparent procedural irregularity in the transfer from the Western District of Pennsylvania to this Court, on the ground that the "mischief of tossing cases back and forth to the detriment of an adjudication of the underlying merits of the case and respect due sister courts" militates against retransferring. *See, e.g.*, *In re Cragar Indus.*, 706 F.2d 503, 505 (5th Cir. 1983); *Ametek, Inc. v. Hewlett-Packard Co.*, No. C-90-20278, 1990 WL 10072473, at *1 (N.D. Cal. July 10, 1990).

The Overlapping Action illustrates the type of mischief that such cases as *Cragar Indus.* and *Ametek, Inc.* suggest militate against retransfer. This is so for several reasons:

(1) If the instant Action is retransferred to the Western District of Pennsylvania,[3] the Overlapping Action is likely to leap-frog over this action in its procedural stance. The transfer would precipitate a renewal of Mt. Sinai's motion to dismiss on jurisdictional grounds, which, if successful, would likely cause Genzyme to seek a transfer back to Massachusetts on *forum non conveniens* and other grounds. Such a shuttlecock effect serves no beneficial purpose. *See Wild v. Heart of Texas Dodge, Inc.*, No. 01-C-0461-C, 01-C-0463-C, 2001 WL 1913400, at *2-3 (W.D. Wisc. Nov. 23, 2001) ("I do not want to make these cases the shuttlecocks in a badminton game between transferee and transferor court.").

(2) If the Overlapping Action proceeds ahead of this action, Plaintiffs will have succeeded in end-running the "first filed" rule. *See TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996) ("Obvious concerns arise when actions involving the same parties and similar subject matter are pending in different federal district courts: wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs.").

(3) If this Court retains jurisdiction, it is in a position to proceed promptly with the fully briefed Motions to Dismiss, thereby avoiding unnecessary delay in the inevitable judicial scrutiny of Plaintiffs' substantive allegations and claims, in a circumstance where delay has no positive procedural or practical effect. *See Techshell, Inc. v. Incase Designs Corp.*, No. C-11-04576, 2012 WL 692295, at *5 (N.D. Cal. Mar. 2, 2012) (declining to retransfer action, noting that judicial efficiency and the progress of the case "will be hampered by another transfer").

---

[3] Nor does a transfer to the Southern District of New York, the one state that clearly has jurisdiction over Mt. Sinai, obviate the detrimental effects of another transfer. If there were a procedural defect under 28 U.S.C. § 1404(a) at the time of transfer to Massachusetts, that defect remains with a transfer to New York. Moreover, the allegations are so bare and conclusory against Mt. Sinai, and the future viability of such claims so tenuous, that judicial efficiency would be better served by this Court dismissing as to Mt. Sinai, while retaining jurisdiction over Genzyme, rather than transferring the case to New York.

(4) The intervening action constitutes certain Plaintiffs' second lawsuit and fourth effort overall – within a thirteen month period – to abrogate Mt. Sinai's patent and Genzyme's license rights based on the same or similar allegations and claims. Only a prompt adjudication by this Court of the merits of Genzyme's fully briefed motion to dismiss will prevent multiple courts from dedicating resources to the same defective legal claims.

### *The Court's Sound Discretion, and the Equities of the Situation*

Plaintiffs allege here that Genzyme's conduct in response to the shortage of the biologic treatment Fabrazyme failed to comply with the FDCA, the Bayh-Dole Act, and numerous other state and common laws. *See, e.g.*, 2d Am. Compl. ¶¶ 152-227. The Overlapping Plaintiffs challenge the same conduct in the Overlapping Action, arguing either that the Bayh-Dole Act prohibits the actions Genzyme took in response to the shortage of Fabrazyme or that the statute itself "should be declared Unconstitutional." *See Carik* Compl. ¶¶ 441-444, Prayer m.

Similarly, Plaintiffs allege here that Genzyme's conduct violated the FDCA and thus gave rise to claims for negligence, negligence *per se*, and state law causes of action. *See, e.g.*, 2d Am. Compl. ¶¶ 153, 157, 172-99. In the Overlapping Action, the Overlapping Plaintiffs allege that once any FDA licensee "creat[es]" a drug shortage, it is in violation of the FDCA and its license becomes invalid. *See Carik* Compl. ¶ 461.

Simply stated, the relief sought in the Overlapping Action, if granted, could effectively moot the overlapping legal issues presently before this Court in an action where Genzyme is a named party. To avoid the prejudice that Genzyme would suffer if a retransfer of this action precipitates delay that advances the Overlapping Action to an earlier resolution, this Court should retain jurisdiction and reach the merits of Genzyme's motion to dismiss.

**Conclusion**

For these reasons and for the reasons set forth in more detail in Genzyme and Mt. Sinai's motions to dismiss, Defendants respectfully request that this Court retain jurisdiction, dismiss Mt. Sinai for lack of personal jurisdiction, and grant Genzyme's pending motion to dismiss with prejudice.

Dated: _____, 2012

                                                      Respectfully submitted,

                                                      By: _____
Joan A. Lukey  (BBO# 305340)
Catherine A. Mondell  (BBO# 639605)
William J. Dunn  (BBO# 666465)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
Telephone:  (617) 951-7000
Fax:  (617) 951-7050
joan.lukey@ropesgray.com
catherine.mondell@ropesgray.com
william.dunn@ropesgray.com

Attorneys for Defendants,
GENZYME CORPORATION and
MOUNT SINAI SCHOOL OF MEDICINE

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this _____th/rd day of _____, 2012.

                 _____
                 William J. Dunn